4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED
APR 14 2000
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| CLEOFAS DELGADO ESPINOZA, | § | |
|    Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-016 |
| | § | |
| GARY L. JOHNSON, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION, | § | |
|    Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Cleofas Delgado Espinoza ("Espinoza") has filed a petition pursuant to 28 U.S.C. § 2254 (Docket No. 1) seeking to set aside his 1991 Texas murder conviction. The State has filed a Motion to Dismiss as Time-Barred (Docket No. 3) which, for the reasons set forth below, should be granted.

## BACKGROUND

Espinoza was convicted of felony murder by a jury on July 26, 1991. He was sentenced to life. His conviction was affirmed by the Thirteenth Court of Appeals on May 28, 1992. He did not file a petition for discretionary review. However, he has filed two state applications for writs of habeas corpus. The first was denied without written order on December 11, 1996. The second was dismissed as an abuse of the writ on November 17, 1999.

## RECOMMENDATION

Espinoza's claims are time barred by the one year limitation contained in 28 U.S.C. § 2244. Since Espinoza's conviction was final before the effective date of the one year limitation, April 24, 1996, he had until April 24, 1997, to file his § 2254 petition. *Flanagan v. Johnson*, 154 F.3d 196,

201-202 (5th Cir. 1998). Excluded from that time is the time which passed during the pendency of his first state habeas. That was filed on March 29, 1996, and denied on December 11, 1996. This is two hundred thirty-one (231) days. The last day Espinoza could have filed his § 2254 action and have avoided the limitation bar would have been December 11, 1997. His case was not filed until January 18, 2000.

Espinoza's second state habeas was filed after his federal habeas was time barred, thus the time which elapsed during the pendency of the second habeas does not toll the one year limitation. Nothing in Espinoza's § 2254 petition implicates any of the tolling provisions contained in 28 U.S.C. § 2244.

IT IS THEREFORE **RECOMMENDED** that the State's Motion to Dismiss be **GRANTED** and that Cleofas Delgado Espinoza's habeas petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 13th day of April, 2000.

John Wm. Black
United States Magistrate Judge