## Labaton Sucharow

**Alfred L. Fatale III**
Partner
212 907 0884  direct
212 907 0700  main
212 883 7084  fax
afatale@labaton.com

**New York Office**
140 Broadway
New York, NY 10005

<u>**VIA ECF**</u>

January 26, 2023

Andrew S. Hanen
United States District Judge
United States Courthouse
515 Rusk Street, Room 9110
Houston, TX  77002

Sam S. Sheldon
United States Magistrate Judge
United States Courthouse
515 Rusk Street Room 7019
Houston, TX  77002

Re:     *In re Concho Resources Inc., Sec. Litig.*, **4:21-cv-02473 (S.D. Tex.)**
         **Notice of Subsequent Controlling Authority**

Dear Judge Hanen and Judge Sheldon:

I write on behalf of Lead Plaintiffs in the above-referenced matter (the "Action") to notify the Court of a recent controlling opinion from the United States Court of Appeals for the Fifth Circuit, *Oklahoma Firefighters Pension & Ret. Sys. v. Six Flags Ent. Corp.*, No. 21-10865, 2023 WL 228268, __ F. 4th __ (5th Cir. Jan. 18, 2023) (enclosed herewith) issued by that court last week. This opinion supports Lead Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Consolidated Complaint (the "Opposition") (ECF No. 33) and requires denial of the Defendants' Motion to Dismiss Plaintiffs' Consolidated Complaint (the "MTD") (ECF No. 29). In fact, the *Six Flags* opinion, reverses *Elec. Workers Pension Fund, Loc. 103, I.B.E.W. v. Six Flags Ent. Corp.*, 524 F. Supp. 3d 501 (N.D. Tex. 2021), which Defendants ***relied upon for the first time*** in their Reply in Support of Their Motion to Dismiss Plaintiffs' Consolidated Complaint (the "Reply") (ECF No. 34).

*Six Flags* centers on allegations that the defendants there "misled investors by projecting unrealistic or impossible timelines" regarding the construction and opening of new theme parks in China, supported by post-class period corrective disclosures, including the abandonment of the entire China venture, coupled with corroborating statements of a former employee ("FE"). *See* 2023 WL 228268 at *1-2. In other words, *Six Flags* centers on the defendants' failure to disclose the ever-increasing risk that the opening of the China parks would be materially delayed or fall through entirely. This Action likewise centers on allegations that Defendants misled investors by making unrealistic or impossible representations regarding their large-scale development projects, supported by post-Class Period disclosures, including the abandonment of such projects and ultimate sale of the Company at a head turning discount, supported by the statements of numerous FEs. Accordingly, the core of this Action,

# Labaton Sucharow

January 26, 2023
Page 2

just like in *Six Flags*, revolves around the failure to inform investors as to the true depth of risk to which the Company was exposed.

As briefly outlined below, *Six Flags* is instructive and controlling in determining that the Consolidated Complaint (the "Complaint") (ECF No. 25), adequately pleads claims under Sections 10(b) and 20(a) of the Exchange Act. Specifically, *Six Flags* demonstrates that the sufficiency of the Complaint's allegations and the validity of the Opposition's arguments in support thereof regarding: (i) the confidential statements of FEs of Concho, (ii) the material falsity of Defendants' statements and omissions, and (iii) scienter.

## I.    FORMER EMPLOYEE STATEMENTS

Defendants in this Action have claimed that the Complaint's factual allegations drawn from the statements of FEs "must be heavily discounted." MTD at 26. Not so according to the Fifth Circuit. The Fifth Circuit has now made clear that any discount applied to FE statements "does not mean unfettered discretion to discard. The degree of discounting depends on the circumstances involved." *Six Flags*, 2023 WL 228268 at *4. Respectfully, the Complaint's descriptions of its numerous corroborating FEs meets the same standard as set forth in *Six Flags*, thus the FE "allegations should be considered with only a minimal discount."[1] *Id.* at *5-6.

## II.    MATERIALLY MISLEADING FALSE STATEMENTS AND OMISSIONS

Defendants have also contended that the Complaint's alleged statements concerning Concho's large-scale development projects, namely: (i) their success and benefits, (ii) technological justification, (iii) relevant production guidance, (iv) overall concentration in Concho's asset base, were not false and misleading. MTD at 12-19. Relevant here, Defendants have argued that the alleged statements must

---

[1]    *Compare* Complaint ¶¶74-154 (pleading job descriptions, responsibilities, and periods of employment for each FE, and the firsthand knowledge of each FE, some of whom were directly involved in the planning and construction of large-scale development projects and had direct contact with Defendants or other senior Concho management), *with Six Flags*, 2023 WL 228268 at *4-6 (applying only a "minimal" discount and finding FE's statements supported allegations of material falsity and scienter where the FE was described as "'Six Flags International's Director of International Construction and Project Management' from May 2018 through September 2019," "responsible for overseeing the construction of the China parks and reporting internally on their progress,' … [and] worked onsite at the Zhejiang location, travelled to Chongqing 'to perform site inspections and check construction progress,' and attended meetings with Six Flags and Riverside personnel."); *see also, e.g.*, Opposition at 6-9 (contrasting FE statements and accounts against Defendants alleged misstatements and omissions), 27-31 (demonstrating FEs were sufficiently described in the Complaint and that FE statements support finding of scienter).

# Labaton Sucharow

January 26, 2023
Page 3

be rejected: (i) as inactionable forward-looking statements protected by the safe harbor set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA") (*id.* at 18), (ii) for failing to plead falsity (*id.* at 12-18), and/or (iii) as immaterial puffery (*id.* at 12-14). As discussed herein, *Six Flags* defeats Defendants' arguments.

### A.    Forward-Looking Statements

According to *Six Flags*, the statements at issue in this case are not protected by the PSLRA's safe harbor. Yet, Defendants have suggested that boilerplate risk disclosures in Concho's SEC filings are precisely the type of meaningful cautionary language envisioned by the safe harbor. *See* MTD at 18-19; Reply at 8-10. Reaffirming longstanding case law, the Fifth Circuit has disagreed—"general cautionary statements," including those set forth in "Form 10-Ks," do not satisfy the safe harbor where such disclaimers are "classic boilerplate cautions, unattached to individual forward-looking statements."[2] Regardless, the Fifth Circuit has also reaffirmed its previous opinions and endorsed the Opposition's argument that "mixed present/future statement[s] [are] ineligible for safe harbor protection," in this Action alleged statements concerning, *inter alia*, the then-present benefits of Concho's large-scale development.[3] *Six Flags*, 2023 WL 228268 at *7.

### B.    Falsity

The crux of the Complaint focuses on Defendants' failure to disclose the immense risk of Concho's large-scale development projects, rendering their positive statements concerning its benefits and progress materially misleading. *See* Opposition at 17-21.

In seeking to dismiss the Complaint, Defendants have claimed that the Complaint's alleged statements are conclusory in that they failed "to allege *how* or *why* such statements were false when made," proffering their own competing factual narrative in support of such arguments. MTD at 12-16 (emphasis in original); *see also* Reply at 3-6. In making such arguments, Defendants expressly rely upon

---

[2]      *Compare Six Flags*, 2023 WL 228268 at *8 (rejecting cautionary language in advance of earnings calls and set forth in Form 10-Ks, stating cautionary statements must "address[] the actual risk at issue"), *with* Opposition at 22-23 (arguing any purported risk disclosures set forth in SEC filings, for example that Concho "could experience delays, curtailments and other adverse impacts associated with a high concentration of activity," were generalized boilerplate and failed to satisfy safe harbor).

[3]      *Compare Six Flags*, 2023 WL 228268 at *7 (statement that "parks are progressing nicely towards their anticipated opening dates" not forward looking), *with* Opposition at 5-7 (quoting statements alleged in Complaint, for example that "large-scale project development will drive the quarterly production growth trajectory," "drives a lot of value creation," and that "drilling synergies" were "well documented" and a "more effective way to complete … wells"), 21-22 (arguing reference to future performance does not render entire statement inactionable or protect material omissions).

**Labaton**
**Sucharow**

January 26, 2023
Page 4

the lower court reversed decision in *Six Flags* for the proposition that the plaintiff's omissions theory was a mere "conclusory assertion that there was 'absolutely no way' Six Flags could meet its projections." Reply at 15 n.15. Yet the Fifth Circuit in *Six Flags* rejected this argument that such allegations were "conclusory" in that they failed to "plausibly plead future deadlines [were] categorically 'impossible,'" finding the plaintiff had "fulfilled the statutory requirement by providing numerous factual allegations about inadequate construction to explain why a reassurance like 'our parks are progressing nicely towards their anticipated opening dates' [was] misleading, even if still theoretically possible (though highly unlikely) under the facts alleged."[4] *Six Flags*, 2023 WL 228268 at *9.

Defendants have also suggested that they were not under a "duty-to-predict-failure" and that requiring them to disclose the full spectrum of risk associated with large-scale development would amount to "self-flagellation that is foreign to the federal securities laws." MTD at 16-17. However, the Fifth Circuit has reinforced bedrock law that a "duty to speak the full truth arises when a defendant undertakes a duty to say anything" in determining that the defendants' "positive statements … contained actionable omissions about the company's true financial state."[5] *Six Flags*, 2023 WL 228268 *12. Defendants' continued insinuation that the Complaint must be dismissed as it fails to show the alleged statements were literally untrue when spoken—as opposed to failing to disclose the full truth—received similar treatment from the Fifth Circuit.[6] *See* MTD at 12-15.

---

[4]    *See* Opposition at 16-20 (arguing alleged false statements were materially misleading regarding progress and benefits of large-scale development for failing to disclose sheer concentration of risk Concho's large-scale development projects would fail based on numerous factual allegations); *see also* Complaint ¶¶44-55 (discussing risks associated with relevant drilling techniques and combinations thereof), ¶¶74-154 (FE statements discussing risks associated with Concho's large-scale development).

[5]    *Compare Six Flags*, 2023 WL 228268 at *12 (alleged statements materially false and misleading for omitting "critical information" concerning extreme difficulties financing China parks while making positive statements regarding "progress" of the China parks despite deteriorating state of affairs), *with* Opposition at 16-20 (duty to disclose full truth arose based on Defendants' repeated statements regarding large-scale development which duty was breached based on failure to disclose material risks and uncertainties associated therewith).

[6]    *Compare Six Flags*, 2023 WL 228268 at *12 ("We cannot read Defendants' construction-progress statements in isolation. They must be read in the context of investors' expectations about the meaning of that progress: a worker hammering one nail per day may be literal 'progress,' but a reasonable investor would not view it as such."), *with, e.g.*, Opposition at 21 ("Even if the term 'test' was literally true when spoken, it misdirected investors from the full truth, namely the 'anticipated magnitude' of the risks to which the Company was exposed should its monotone project focus fail.").

**Labaton**
**Sucharow**

January 26, 2023
Page 5

### C.    Puffery

Defendants have also levied arguments that certain false statements alleged in the Complaint regarding the "strong" or "pretty good" results of large-scale projects were immaterial puffery. MTD at 12-14. In making these arguments in their Reply, Defendants equated these alleged false statements to the alleged false statements in *Six Flags* that the "parks [were] progressing nicely," that the lower court erroneously found to be puffery. *See* Reply at 4 n.5. Yet the Fifth Circuit has now overturned the district court's decision, finding these precise statements were not puffery.[7] *Six Flags*, 2023 WL 228268 at *14.

### III.    SCIENTER

Numerous positions taken by Defendants with respect to scienter cannot be squared with the Fifth Circuit's holding in *Six Flags*. First, Defendants aver that the Complaint fails to allege motive and opportunity to commit fraud. MTD at 24-25. The Fifth Circuit, however, has reaffirmed that "[m]otive alone" is not dispositive of the scienter inquiry. *Six Flags*, 2023 WL 228268 at *11. Regardless, the Complaint's allegations of motive are analogous to those upheld in *Six Flags*.[8] Second, Defendants incorrectly argue that any FE statements must be "heavily discounted," as discussed *supra* Section I. Third, and dovetailing on this last point, Defendants have argued that their access to information is an insufficient basis to allege scienter. MTD at 31-32. Not so, says the Fifth Circuit.[9] Fourth, Defendants argued that their continued statements concerning large-scale development failed to add

---

[7]    *Compare Six Flags*, 2023 WL 228268 at *14 (progress statements not puffery as they "convey[ed] precise information on which investors are likely to rely when valuing corporations"), *with* Opposition at 25 (arguing statements regarding initial project results not puffery as they conveyed benefits, results, and prospects of large-scale development and caused Defendants to raise production guidance).

[8]    *Compare Six Flags*, 2023 WL 228268 at *11 ("inference that Defendants were motivated throughout 2018 to hide the true nature of the parks' construction progress to achieve the target EBITDA is at least as strong as the inference that they were honest about the reasons for the announced delays"), *with, e.g.*, Complaint ¶3 ("Concho and the Individual Defendants engaged in an undisclosed fraudulent bet-the-company endeavor in hopes of saving the Company from being acquired in a consolidating industry.").

[9]    *Compare Six Flags*, 2023 WL 228268 at *11 (inference of scienter met based on FE statements that he compiled "weekly presentations" and "master reports" detailing "the lack of infrastructure, lack of construction workers onsite, and lack of progress over 'x number of days' in specific sectors of the parks," which were submitted and/or relayed to senior Six Flags management), *with* MTD Opposition at 27-31, 32-33 (arguing FE statements indicating Defendants had access to production databases, attended weekly meetings discussing large-scale development, and that FE-1 directly told Defendants they were incorrectly risking wells, created inference of scienter).

**Labaton
Sucharow**

January 26, 2023
Page 6

to an inference of scienter—which argument was also rejected by the Fifth Circuit in *Six Flags*.[10] MTD at 31. Finally, the Fifth Circuit upheld a core operations theory analogous to that advanced in the Complaint as contributing to an inference of scienter.[11]

Respectfully submitted,

Alfred L. Fatale III

cc:      All counsel of record

Enclosure:      *Oklahoma Firefighters Pension & Ret. Sys. v. Six Flags Ent. Corp.*, No. 21-10865, 2023 WL 228268, __ F. 4th __ (5th Cir. Jan. 18, 2023)

---

[10]      *Compare Six Flags*, 2023 WL 228268 at *14 (statement that defendants had "performed a comprehensive review of [their] project timelines … impl[ied] they knew details of the progress or its absence at the China parks"), *with* Complaint ¶¶326-341 (arguing Defendants' statements, including that they had achieved the "inflection point" of large-scale development that "emphasize[d] planning and planning ahead" based on a years-long learning process of which they were in a "later stage of innings," created inference of scienter).

[11]      *Compare Six Flags*, 2023 WL 228268 at *13-14 (finding inference of scienter despite the defendants' "characterization that the China parks were just '3% of Six Flags" revenue," as they were touted as a "'key growth driver' and projected they would increase EBITDA by 20 to 40% when the parks opened," and thus while "not critical to Six Flags' survival, … [the China parks] were an important aspect of future growth prospects and EBITDA"), *with* Opposition at 32 (arguing inference of scienter based on FE-1 statement that riskier projects "made up roughly 90% of the 2018 budget at Concho" with the flagship project claiming 3% of the budget alone, 16% reduction in Company's total proved reserves following failure of large-scale development projects, and later acquisition of the Company for a fraction of its value in 2020 based on same failure); *see also, e.g.*, Complaint ¶¶53-54 (discussing costs associated with large-scale development projects), ¶¶90-100 (FE-1 discussing Concho's overexposure to large-scale development projects), ¶¶298-301, 305-06, 314-15, 317-20 (corrective disclosures and post Class Period events indicating total negative impact large-scale development projects had on Company leading to acquisition of Concho for pennies on the dollar), ¶¶350-59 (additional allegation of scienter that Defendants devoted virtually all Company resources to large-scale development projects with tightly spaced wells).