## Labaton
## Sucharow

**Alfred L. Fatale III**
Partner
212 907 0884  direct
212 907 0700  main
212 883 7084  fax
afatale@labaton.com

New York Office
140 Broadway
New York, NY 10005

**VIA ECF**

February 15, 2023

Andrew S. Hanen                                          Sam S. Sheldon
United States District Judge                             United States Magistrate Judge
United States Courthouse                                 United States Courthouse
515 Rusk Street, Room 9110                               515 Rusk Street Room 7019
Houston, TX  77002                                       Houston, TX  77002


Re:     *In re Concho Resources Inc., Sec. Litig.*, **4:21-cv-02473 (S.D. Tex.)**

Dear Judge Hanen and Judge Sheldon:

I write in response to Defendants' letter filed on February 3, 2023 ("Def. Ltr.") (ECF No. 36) responding to Lead Plaintiff's Notice of Subsequent Controlling Authority, filed on January 26, 2023 (ECF No. 35), which notified the Court of *Six Flags*, a recent controlling opinion from the Fifth Circuit which overturned case law relied upon by Defendants in the MTD Reply.[1] As set forth in Lead Plaintiffs' notice, *Six Flags* directly supports core arguments advanced in the MTD Opposition. Tellingly, Defendants' letter abandons logic in a strained effort to rebut the clear analogies between this matter and *Six Flags*. As discussed herein, Defendants' hyperbole fails in this task.

***FE Statements.*** Defendants aver that *Six Flags* "broke no new ground" regarding FE statements, insofar as there were "'specific factual allegations' … that contemporaneously contradicted the defendants' reports of steady progress, including specific reports that were communicated to the individual defendants."[2] Def. Ltr. at 3. Yet this is precisely how the Complaint's FEs are pled to

---

[1]     All capitalized and abbreviated terms not defined herein have the meaning ascribed in Lead Plaintiffs' January 26, 2023 notice. Citations to "¶" refer to paragraphs in the Complaint.

[2]     Notably, the Fifth Circuit in *Six Flags* generously credited the FE allegations despite coming from "only one source," noting that "the corroborative nature of other facts alleged, including from other sources" was a factor in gauging to what level to credit FE allegations. 2023 WL 228268 at *5 & n.11 (internal citation and quotation marks omitted). Here, the Complaint pleads nine FEs, including FE-1, a member of the technical staff that "***designed and executed the Dominator project***," all of whom provide corroborating accounts with one another, as well as with the Complaint's detailed factual allegations in general. ¶¶74-154.

# Labaton Sucharow

February 15, 2023
Page 2

establish that Defendants had zero basis in making their class period statements. Here, the Complaint's FEs establish that: (i) the risks and lack of technological basis for Concho's large-scale projects were viewed with derision and outrage by the Company's technical teams; (ii) large-scale development projects were not "tests" in that they represented nearly all of Concho's budget; (iii) the Individual Defendants had access to databases which quantified the actual risks associated with large-scale development; and (iv) most troublingly, the Individual Defendants were repeatedly informed of these risks by senior technical staff in meetings, which was ignored and omitted from the Company's statements to the market. *See* MTD Opposition at 6-9, 27-31.

Defendants seek to obscure the FE statements with a competing factual narrative which casts the allegations as a mere "strategic disagreement[] with management" and that they "believed what they were saying" to investors. Def. Ltr. at 3. Such argument is nonsensical, especially given Defendant Giraud's uncontested lack of engineering knowledge. *See* ¶115. Moreover, this contention is legally flawed in that it rests on a non-existent scienter defense of reckless blind faith, and further disregards that Defendants breached their disclosure duties by failing to disclose that statements made with this purportedly blind faith lacked any verifiable basis, both discussed *infra*.

*Falsity.* According to Defendants, the plaintiff in *Six Flags* adequately pled falsity for alleging "statements touting steady progress on … projects … despite particularized facts showing that the projects and their financing were already besieged by significant projects and delays." Def. Ltr. at 1. The same is true here. The Complaint alleges that Defendants touted the progress and benefits of Concho's large-scale development, including the Dominator, while pleading particularized facts showing that such statements were materially misleading, namely for omitting the lack of any verifiable basis and further omitting that they exposed Concho to cataclysmic risk. Such facts include FE statements (¶¶74-154), technical background showing the risks and costs (¶¶39-55), an independent review of initial Dominator production data (¶¶155-61), Defendants' own admissions and the market reaction thereto (¶¶298-316), and the ultimate sale of the Company for a fraction of its prior value (¶¶317-20). In other words, in both this Action and *Six Flags*, investors were fed a false narrative regarding the status and benefits of these projects, which grossly downplayed the risks to which they were exposed.

In speaking on these projects, both Defendants here and the defendants in *Six Flags* were under a duty to tell the full truth, not misleading half-truths, and failed to do so. *See Oklahoma Firefighters Pension & Ret. Sys. v. Six Flags Ent. Corp.*, 58 F.4th 195, 217-18 (5th Cir. 2023); MTD Opposition at 15-21. Telling the full truth in both instances cannot be squared with Defendants' obtuse "self-flagellation" theory—the duty to tell the full truth is not exclusive to good news, and a duty to disclose risk is not analogous to a duty to predict failure.

**Labaton Sucharow**

February 15, 2023
Page 3

**PSLRA Safe Harbor.** To borrow a metaphor from Defendants' letter, their attempts to equalize boilerplate cautionary statements with the statements alleged "tries to fit [a] square peg … into [a] round hole."[3] Def. Ltr. at 1. As stated in the MTD Opposition and in *Six Flags*, generalized cautionary language in SEC filings does not qualify for safe harbor protection, in this case the failure to specifically warn of Concho's overexposure to experimental projects of equally exorbitant cost and risk. MTD Opposition at 21-23. Even the cherrypicked language highlighted in Defendants' letter is inapposite.[4]

**Puffery.** Defendants agree with *Six Flags* that the statement the "parks are progressing nicely" was "non-puffery" given it "confirmed the projections previously provided," including "projected opening dates." Def. Ltr. at 3. No dispute from Lead Plaintiffs. Yet in the same breath, Defendants assert that "Concho's report of 'pretty good' initial Dominator results" was puffery. *Id.* However, these "pretty good" results came on the heels of a year and a half narrative touting the benefits of these large-scale projects. Moreover, based on these "pretty good" results, the accompanying earnings release raised full-year production guidance (¶289). During the same "pretty good" investor call, Defendants stated that their "focus paid off" (¶292), "had increased … estimates for oil production in 2019" as a result of "strong early production out of [their] latest projects, including the Dominator," that these "strong results … gave [Defendants] the confidence to raise … guidance" (¶¶292, 296), and that they "[were] going to … deliver really compelling returns" (¶294). This is the same as *Six Flags*—affirmations rendered false and misleading when viewed holistically against the preceding and surrounding narratives.

**Scienter.** A throughline in Defendants' scienter argument, resurrected again in their letter, is that if they purportedly "believed what they were saying," then scienter cannot be established. Def. Ltr. at 4. This is not the inquiry and "take my word for it" not the standard of review. As quoted in both *Six Flags* and the MTD Opposition, "[t]he fact that a gamble — concealing bad news in the hope that it will be overtaken by good news — fails is not inconsistent with its having been a considered, though because of the risk a reckless, gamble." *Six Flags*, 58 F.4th at 215; MTD Opposition at 34-35. Put differently, whether Defendants "drank too much of their Kool-Aid" in believing their large-scale projects would succeed has no bearing on the scienter inquiry of whether they knew or recklessly disregarded overexposure to highly experimental projects that placed the fate of the Company in

---

[3]     Time and time again, Defendants have failed to explain why or how each statement is purportedly forward-looking in its entirety. Again, even "mixed present/future statement[s] [are] ineligible for safe harbor protection." *Six Flags*, 2023 WL 228268 at *7.

[4]     Calling Dominator an "aggressive well-spacing test" is false and misleading in its own right given Concho's undisclosed overexposure to large-scale development. *See* MTD Opposition at 19-21. Further, stating that some drilling locations "ha[d] not been fully risked" through the lens of unproved reserves does not square with allegations that large-scale projects had not been "risked" at all, nor does it warn that Concho would be forced to negatively restate its proved reserves. *Id.* at 19-20.

**Labaton Sucharow**

February 15, 2023
Page 4

jeopardy. MTD Opposition at 30. Relatedly, the fact Defendants "voluntarily disclosed" disastrous results instead of "hiding" them after the class period is not laudable, the gamble had not paid off and could not be "hid[den]" any longer. Def. Ltr. at 3.

The remainder of Defendants' scienter contentions do not carry water. As stated above, Defendants had access to ongoing databases of information with accurate risk analyses and were repeatedly warned, including at recurring status meetings, that the large-scale projects were improperly risked. MTD Opposition at 27-31. How this is not analogous to the "reports" in *Six Flags* is beyond Lead Plaintiffs. Moreover, under *Six Flags'* "'core operations' type theory" (as Defendants put it), an inference of scienter is warranted given Defendants approved the projects and related budgets which were critical to the Company's future. MTD Opposition at 32-33. As for motive and opportunity, Defendants here were motivated to "sav[e] the Company," and in so doing protect, *e.g.*, their corporate positions, salaries, and bonuses. ¶3.

Respectfully submitted,

Alfred L. Fatale III

cc:      All counsel of record