**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE CONCHO RESOURCES INC., SECURITIES LITIGATION | Civil Action No. 4:21-cv-02473 <br><br> <u>CLASS ACTION</u> |

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**
**FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

Defendants Concho Resources Inc., ConocoPhillips, as Successor in Interest to Concho Resources Inc., Timothy Leach, Jack F. Harper, and C. William Giraud ("Defendants") hereby respectfully submit this Answer to Lead Plaintiffs' Utah Retirement Systems ("URS") and Construction Laborers Pension Trust for Southern California's ("Southern California Laborers") (collectively "Lead Plaintiffs") Consolidated Class Action Complaint ("CCAC"), Dkt. 25. Defendants respond to the allegations in the CCAC as follows:

**ANSWER**

With respect to the first unnumbered paragraph on the first page of the CCAC, Defendants admit that Lead Plaintiffs purport to assert the allegations in the CCAC against Defendants and against former defendants E. Joseph Wright and Brenda R. Schroer,[1] but Defendants deny that evidentiary support exists for the allegations in the CCAC and respond to those allegations below.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second unnumbered paragraph on the first page of the CCAC, including footnote 1, and accordingly deny them.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the

---

[1] The Court dismissed the CCAC's claims against Wright and Schroer on June 23, 2023 (Dkt. 43).

allegations in the first and second sentences of the third unnumbered paragraph on the first page of the CCAC and accordingly deny them. With respect to the allegations in the third sentence of the third unnumbered paragraph on the first page of the CCAC, Defendants admit that Lead Plaintiffs purport to assert the allegations in the CCAC, but Defendants deny that evidentiary support exists for the allegations in the CCAC and respond to those allegations below.

**RESPONSE TO: "I. INTRODUCTION"**

1.      Defendants admit that Lead Plaintiffs purport to bring this putative class action under the Securities Exchange Act on behalf of certain Concho shareholders but deny that evidentiary support exists for the allegations in the CCAC or that Lead Plaintiffs are entitled to recover. Defendants deny the remaining allegations in paragraph 1.

2.      The allegations in paragraph 2 contain legal conclusions to which no response is required. To the extent a response is required, the Exchange Act and SEC rules promulgated thereunder speak for themselves, and Defendants deny the remaining allegations in paragraph 2.

3.      Defendants deny the allegations in paragraph 3.

4.      With respect to the allegations in paragraph 4, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's public statements discussed herein but deny that the CCAC provides the full and correct content and context of those statements and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of those statements. Answering further, Defendants respectfully refer the Court to those public statements for their full and correct content and context. Defendants deny the remaining allegations in paragraph 4.

5.      With respect to the allegations in paragraph 5, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's public statements discussed herein but deny that the CCAC provides the full and correct content and context of those statements and further

deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of those statements. Answering further, Defendants respectfully refer the Court to those public statements for their full and correct content and context. Defendants deny the remaining allegations in paragraph 5.

6. With respect to the allegations in paragraph 6, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's public statements discussed herein but deny that the CCAC provides the full and correct content and context of those statements and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of those statements. Answering further, Defendants respectfully refer the Court to those public statements for their full and correct content and context. Defendants deny the remaining allegations in paragraph 6.

7. With respect to the allegations in paragraph 7, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's public statements discussed herein but deny that the CCAC provides the full and correct content and context of those statements and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of those statements. Answering further, Defendants respectfully refer the Court to those public statements for their full and correct content and context. Defendants deny the remaining allegations in paragraph 7.

8. With respect to the allegations in paragraph 8, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's public statements discussed herein but deny that the CCAC provides the full and correct content and context of those statements and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of those statements. Answering further, Defendants respectfully refer the Court to those

public statements for their full and correct content and context. Defendants deny the remaining allegations in paragraph 8.

9.    With respect to the allegations in the first sentence of paragraph 9, Defendants admit that the CCAC purports to describe Concho's public production guidance issued during the Class Period but deny that the CCAC provides the full and correct content and context of that guidance and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that guidance. Answering further, Defendants respectfully refer the Court to Concho's production guidance for its full and correct content and context. Defendants deny the remaining allegations in the first sentence of paragraph 9. With respect to the allegations in the second sentence of paragraph 9, Defendants admit that the CCAC purports to quote or paraphrase statements from Concho's May 15, 2018 conference presentation at the Citi Global Energy and Utilities Conference but deny that the CCAC provides the full and correct content and context of that conference presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference presentation. Answering further, Defendants respectfully refer the Court to Concho's May 15, 2018 conference presentation for its full and correct content and context. Defendants deny the remaining allegations in the second sentence of paragraph 9.

10.    With respect to the allegations in paragraph 10, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's May 1, 2019 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's May 1, 2019 earnings call for its full and correct content and context. Defendants deny

the remaining allegations in paragraph 10.

11.     With respect to the allegations in the first sentence of paragraph 11, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's July 31, 2019 earnings release but deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings release. Answering further, Defendants respectfully refer the Court to Concho's July 31, 2019 earnings release for its full and correct content and context. Defendants deny the remaining allegations in the first sentence of paragraph 11. The allegations in the second sentence of paragraph 11 are too vague and ambiguous to respond to and are therefore denied.

12.     With respect to the allegations in paragraph 12, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Lead Plaintiffs' purported investigation and accordingly deny them. Defendants deny the remaining allegations in paragraph 12, including the allegation that there was a fraud.

13.     Defendants deny the allegations in paragraph 13.

14.     Defendants deny the allegations in paragraph 14.

**RESONSE TO:  "II.  JURISDICTION AND VENUE"**

15.     The allegations in paragraph 15 include legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that Lead Plaintiffs purport to bring claims pursuant to Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, but deny that Lead Plaintiffs' claims are valid and further deny that Defendants engaged in any wrongdoing that would entitle Lead Plaintiffs to any relief.

16.     The allegations in paragraph 16 include legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that the Court has subject

5

matter jurisdiction over Lead Plaintiffs' claims.

17. The allegations in paragraph 17 include legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that venue is proper in this District and admit that ConocoPhillips is headquartered in this District and does business in this District, but deny the remaining allegations in paragraph 17.

18. Defendants admit that Defendants used the means and instrumentalities of interstate commerce in conducting their business but deny that Lead Plaintiffs' claims are valid and further deny that Defendants engaged in any wrongdoing that would entitle Lead Plaintiffs to any relief. Defendants deny the remaining allegations in paragraph 18.

**RESPONSE TO: "III. PARTIES"**

**RESPONSE TO: "A. Lead Plaintiffs"**

19. Defendants admit the allegations in the first sentence of paragraph 19, except clarify that the lead plaintiff appointment order was signed on October 21, 2021 and entered on October 22, 2021. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 and accordingly deny them. Defendants further deny that they violated the federal securities laws.

20. Defendants admit the allegations in the first sentence of paragraph 20, except clarify that the lead plaintiff appointment order was signed on October 21, 2021 and entered on October 22, 2021. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 and accordingly deny them. Defendants further deny that they violated the federal securities laws.

**RESPONSE TO: "B. Defendants"**

21.     Defendants admit the allegations in the first sentence of paragraph 21, as they pertain to the Class Period. Defendants admit the allegations in the second sentence of paragraph 21.

22.     Defendants admit the allegations in the first, second, and fourth sentences of paragraph 22. With respect to the allegations in the third sentence of paragraph 22, Defendants admit that the CCAC purports to name ConocoPhillips in this lawsuit as the successor-in-interest to Concho but deny that ConocoPhillips is liable for any alleged violations of the Exchange Act.

23.     Defendants admit the allegations in paragraph 23, as they pertain to the Class Period.

24.     Defendants admit that Harper was appointed Concho's President in May 2017 and remained in that role during the Class Period. Defendants admit the allegations in the second sentence of paragraph 24. The allegations in the third sentence of paragraph 24 are too vague and ambiguous to respond to and are therefore denied.

25.     Defendants admit that Giraud was appointed as Concho's Executive Vice President in May 2017 and served in that role during the Class Period. Defendants admit the allegations in the second sentence of paragraph 25.

26.     The allegations in paragraph 26 do not require a response, given the Court's order dismissing Wright from the case.

27.     The allegations in paragraph 27 do not require a response, given the Court's order dismissing Schroer from the case.

28.     The first sentence of paragraph 28 sets forth a defined term to which no response is required. The remaining allegations in paragraph 28 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the remaining

7

allegations in paragraph 28.

29.     Paragraph 29 sets forth a defined term to which no response is required.

**RESPONSE TO: "IV.  BACKGROUND FACTS"**

**RESPONSE TO: "A.  Overview of Concho's Business"**

30.     Defendants admit the allegations in the first sentence of paragraph 30, as they pertain to the Class Period. Defendants admit the allegations in the second sentence of paragraph 30. Defendants admit the allegations in the third sentence of paragraph 30, as they pertain to the Class Period.

31.     The allegations in paragraph 31 do not require a response. To the extent a response is required, Defendants admit the allegations in the first and third sentences of paragraph 31, but deny the allegations in the second sentence of paragraph 31 as too vague and ambiguous to respond to.

32.     With respect to the allegations in paragraph 32, Defendants admit that the CCAC purports to paraphrase portions of Concho's February 21, 2018 Form 10-K but deny that the CCAC provides the full and correct content and context of that Form 10-K and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that Form 10-K. Answering further, Defendants respectfully refer the Court to Concho's February 21, 2018 Form 10-K for its full and correct content and context.

33.     With respect to the allegations in paragraph 33, Defendants admit that the CCAC purports to paraphrase portions of Concho's public statements discussed herein, including its February 19, 2019 earnings release, but deny that the CCAC provides the full and correct content and context of those public statements and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of those public statements. Answering

further, Defendants respectfully refer the Court to those public statements for their full and correct content and context. Defendants deny the remaining allegations in paragraph 33.

34.     The allegations in paragraph 34 are too vague and ambiguous to respond to and are therefore denied.

35.     Defendants deny the allegations in the first sentence of paragraph 35. With respect to the allegations in the second and third sentences of paragraph 35, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's public statements discussed herein but deny that the CCAC provides the full and correct content and context of those public statements and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of those public statements. Answering further, Defendants respectfully refer the Court to those public statements for their full and correct content and context. Defendants deny the remaining allegations in the second and third sentences of paragraph 35.

36.     Defendants deny the allegations in paragraph 36.

37.     Defendants admit that Concho designed the Dominator multi-well project in the Wolfcamp shale formation between 2017-18 and began construction on the project in 2018, but deny the remaining allegations in the first sentence of paragraph 37 as too vague and ambiguous to respond to. Defendants admit that the Dominator project involved a 23-well pad with average well spacing of 230 feet and targeting five landing zones, but deny the remaining allegations in the second sentence of paragraph 37.

38.     Defendants admit that certain of the Dominator wells received regulatory approval in April 2018, that the Dominator wells had spud dates between June 2018 through September 2018, and that certain of the Dominator wells had completion dates in February 2019,

9

but deny the remaining allegations in paragraph 38. With respect to the graphic included in paragraph 38, the graphic is too vague and ambiguous to respond to, as it does not depict the precise dates for the various entries and is therefore denied.

**RESPONSE TO:  "B.  Technical Background"**

**RESPONSE TO:  "1. Classification of Oil and Natural Gas Resources"**

39.     The allegations in the first sentence of paragraph 39 contain legal conclusions to which no response is required. To the extent a response is required, Defendants refer the Court to the definitions contained in 17 C.F.R. § 210.4-10. With respect to the allegations in the second sentence of paragraph 39, Defendants admit that the CCAC purports to paraphrase portions of Concho's public statements discussing Concho's oil and gas reserves but deny that the CCAC provides the full and correct content and context of those public statements and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of those public statements. Answering further, Defendants respectfully refer the Court to Concho's February 20, 2019 Form 10-K for an example of Concho's classification of its oil and gas reserves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of paragraph 39 and accordingly deny them.

40.     The allegations in paragraph 40 are too vague and ambiguous to respond to and are therefore denied.

41.     The allegations in the first sentence of paragraph 41 contain legal conclusions to which no response is required. To the extent a response is required, Defendants refer the Court to the definition of "Proved Reserves" contained in Concho's February 20, 2019 Form 10-K. The allegations in the second and third sentences of paragraph 41 are too vague and ambiguous to respond to and are therefore denied.

10

(a)    The allegations in subpart (a) of paragraph 41 contain legal conclusions to which no response is required. To the extent a response is required, Defendants refer the Court to the definition of "Proved Developed Producing Reserves" contained in Concho's February 20, 2019 Form 10-K.

(b)    The allegations in subpart (b) of paragraph 41 contain legal conclusions to which no response is required. To the extent a response is required, Defendants refer the Court to the definition of "Proved Developed Non-Producing Reserves" contained in Concho's February 20, 2019 Form 10-K.

(c)    The allegations in the first sentence of subpart (c) of paragraph 41 contain legal conclusions to which no response is required. To the extent a response is required, Defendants refer the Court to the definition of "Proved Developed Non-Producing Reserves" contained in Concho's February 20, 2019 Form 10-K. The allegations in the second sentence of subpart (c) of paragraph 41 are too vague and ambiguous to respond to and are therefore denied.

42.    The allegations in paragraph 42 contain legal conclusions to which no response is required. To the extent a response is required, Defendants refer the Court to the definitions contained in 17 C.F.R. § 210.4-10.

43.    The allegations in paragraph 43 contain legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 43 are too vague and ambiguous to respond to and are therefore denied.

**RESPONSE TO:  "2. Relevant Drilling Techniques"**

44.    The allegations in paragraph 44 do not require a response. To the extent a response is required, the allegations in paragraph 44 are too vague and ambiguous to respond to and are therefore denied.

11

45. The allegations in paragraph 45 do not require a response. To the extent a response is required, the allegations in paragraph 45 are too vague and ambiguous to respond to and are therefore denied.

46. The allegations in paragraph 46 do not require a response. To the extent a response is required, the allegations in paragraph 46 are too vague and ambiguous to respond to and are therefore denied.

47. The allegations in paragraph 47 do not require a response. To the extent a response is required, the allegations in paragraph 47 are too vague and ambiguous to respond to and are therefore denied.

48. The allegations in paragraph 48 do not require a response. To the extent a response is required, the allegations in paragraph 48 are too vague and ambiguous to respond to and are therefore denied.

49. The allegations in paragraph 49 do not require a response. To the extent a response is required, the allegations in paragraph 49 are too vague and ambiguous to respond to and are therefore denied.

50. The allegations in paragraph 50 do not require a response. To the extent a response is required, the allegations in paragraph 50 are too vague and ambiguous to respond to and are therefore denied.

51. The allegations in paragraph 51 do not require a response. To the extent a response is required, the allegations in paragraph 51 are too vague and ambiguous to respond to and are therefore denied.

52.     The allegations in paragraph 52 do not require a response. To the extent a response is required, the allegations in paragraph 52 are too vague and ambiguous to respond to and are therefore denied.

53.     The allegations in paragraph 53 do not require a response. To the extent a response is required, the allegations in paragraph 53 are too vague and ambiguous to respond to and are therefore denied.

54.     The allegations in paragraph 54 do not require a response. To the extent a response is required, the allegations in paragraph 54 are too vague and ambiguous to respond to and are therefore denied.

55.     The allegations in paragraph 55 do not require a response. To the extent a response is required, the allegations in paragraph 55 are too vague and ambiguous to respond to and are therefore denied.

**RESPONSE TO: "C.   The Defendants' Materially False and Misleading Class Period Representations"**

56.     Defendants deny the allegations in paragraph 56.

57.     With respect to the allegations in the first and third sentences of paragraph 57, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 20, 2018 earnings release but deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings release. Answering further, Defendants respectfully refer the Court to Concho's February 20, 2018 earnings release for its full and correct content and context. The allegations in the second sentence of paragraph 57 are too vague and ambiguous to respond to and are therefore denied. Defendants deny the remaining

13

allegations in paragraph 57 and further deny that Concho's February 20, 2018 earnings release contains any false or misleading statements by Defendants.

58. With respect to the allegations in paragraph 58, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 21, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's February 21, 2018 earnings call for its full and correct content and context. Defendants deny the remaining allegations in paragraph 58 and further deny that Concho's February 21, 2018 earnings call contains any false or misleading statements by Defendants.

59. With respect to the allegations in paragraph 59, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's March 5, 2018 conference presentation but deny that the CCAC provides the full and correct content and context of that conference presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference presentation. Answering further, Defendants respectfully refer the Court to Concho's March 5, 2018 conference presentation for its full and correct content and context. Defendants deny the remaining allegations in paragraph 59 and further deny that Concho's March 5, 2018 conference presentation contains any false or misleading statements by Defendants.

60. With respect to the allegations in paragraph 60, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's March 28, 2018 investor call but deny that the CCAC provides the full and correct content and context of that investor call and further deny

14

the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that investor call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's March 28, 2018 investor call for its full and correct content and context. Defendants deny the remaining allegations in paragraph 60 and further deny that Concho's March 28, 2018 investor call contains any false or misleading statements by Defendants.

61.     With respect to the allegations in paragraph 61, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's May 2, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that investor call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that investor call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's May 2, 2018 earnings call for its full and correct content and context. Defendants deny the remaining allegations in paragraph 61 and further deny that Concho's May 2, 2018 earnings call contains any false or misleading statements by Defendants.

62.     With respect to the allegations in paragraph 62, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's May 15, 2018 conference presentation but deny that the CCAC provides the full and correct content and context of that conference presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference presentation. Answering further, Defendants respectfully refer the Court to the transcript of Concho's May 15, 2018 conference presentation for its full and correct content and context. Defendants deny the remaining allegations in paragraph 62 and further deny that Concho's May 15, 2018 conference presentation contains any false or misleading statements by Defendants.

63.     With respect to the allegations in paragraph 63, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's September 5, 2018 conference presentation but deny that the CCAC provides the full and correct content and context of that conference presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference presentation. Answering further, Defendants respectfully refer the Court to the transcript of Concho's September 5, 2018 conference presentation for its full and correct content and context. Defendants deny the remaining allegations in paragraph 63 and further deny that Concho's September 5, 2018 conference presentation contains any false or misleading statements by Defendants.

64.     With respect to the allegations in paragraph 64, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's October 31, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's October 31, 2018 earnings call for its full and correct content and context. Defendants deny the remaining allegations in paragraph 64 and further deny that Concho's October 31, 2018 earnings call contains any false or misleading statements by Defendants.

65.     With respect to the allegations in paragraph 65, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 20, 2019 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's February 20, 2019 earnings call for its full and correct content and

context. Defendants deny the remaining allegations in paragraph 65 and further deny that Concho's February 20, 2019 earnings call contains any false or misleading statements by Defendants.

66. Defendants deny the allegations in the first sentence of paragraph 66. With respect to the allegations in the second, third, and fourth sentences of paragraph 66, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's August 2, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's August 2, 2018 earnings call for its full and correct content and context. Defendants deny the remaining allegations in the second, third, and fourth sentences of paragraph 66 and further deny that Concho's August 2, 2018 earnings call contains any false or misleading statements by Defendants.

67. Defendants deny the allegations in the first sentence of paragraph 67. With respect to the allegations in the second and third sentences of paragraph 67, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's May 1, 2019 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's May 1, 2019 earnings call for its full and correct content and context. Defendants deny the remaining allegations in the second and third sentences of paragraph 67 and further deny that Concho's May 1, 2019 earnings call contains any false or misleading statements by Defendants. With respect to the allegations in the fourth sentence of

17

paragraph 67, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's May 2, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's May 2, 2018 earnings call for its full and correct content and context. Defendants deny the remaining allegations in the fourth sentence of paragraph 67 and further deny that Concho's May 2, 2018 earnings call contains any false or misleading statements by Defendants.

68.    With respect to the allegations in the first sentence of paragraph 68, Defendants admit that the CCAC purports to describe Concho's public production guidance issued during the Class Period and to quote Concho's February 20, 2018 earnings release but deny that the CCAC provides the full and correct content and context of that guidance and earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that guidance and earnings release. Answering further, Defendants respectfully refer the Court to Concho's production guidance and February 20, 2018 earnings release for their full and correct content and context. The allegations in the second sentence of paragraph 68 are too vague and ambiguous to respond to and are therefore denied. With respect to the allegations in the third sentence of paragraph 68, Defendants admit that the CCAC purports to quote or paraphrase Concho's February 21, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's February 21, 2018 earnings call for its full and correct content and context. Defendants

18

deny the remaining allegations in paragraph 68 and further deny that the described statements contain any false or misleading statements by Defendants.

69.      Defendants deny the allegations in the first sentence of paragraph 69. With respect to the allegations in the second sentence of paragraph 69, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 21, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's February 21, 2018 earnings call for its full and correct content and context. With respect to the allegations in the third sentence of paragraph 69, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's March 28, 2018 investor call but deny that the CCAC provides the full and correct content and context of that investor call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that investor call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's March 28, 2018 investor call for its full and correct content and context. With respect to the allegations in the fourth sentence of paragraph 69, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's May 15, 2018 conference presentation but deny that the CCAC provides the full and correct content and context of that conference presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference presentation. Answering further, Defendants respectfully refer the Court to the transcript of Concho's May 15, 2018 conference presentation for its full and correct content and context. Defendants deny the

19

remaining allegations in paragraph 69 and further deny that the described calls or presentations contain any false or misleading statements by Defendants.

70.    With respect to the allegations in paragraph 70, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's October 31, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's October 31, 2018 earnings call for its full and correct content and context. Defendants deny the remaining allegations in paragraph 70 and further deny that Concho's October 31, 2018 earnings call contains any false or misleading statements by Defendants.

71.    With respect to the allegations in the first and third sentences of paragraph 71, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's September 5, 2018 conference presentation but deny that the CCAC provides the full and correct content and context of that conference presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference presentation. Answering further, Defendants respectfully refer the Court to the transcript of Concho's September 5, 2018 conference presentation for its full and correct content and context. With respect to the allegations in the second sentence of paragraph 71, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 21, 2018 Form 10-K but deny that the CCAC provides the full and correct content and context of that Form 10-K and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that Form 10-K. Answering further, Defendants respectfully refer the Court to Concho's February 21, 2018 Form 10-K for its full and correct content and context. With respect

20

to the allegations in the fourth sentence of paragraph 71, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 20, 2019 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's February 20, 2019 earnings call for its full and correct content and context. Defendants deny the remaining allegations in paragraph 71 and further deny that Concho's September 5, 2018 conference presentation and February 20, 2019 earnings call contain any false or misleading statements by Defendants.

72.     The allegations in the first sentence of paragraph 72 are too vague and ambiguous to respond to and are therefore denied. With respect to the allegations in the second and fourth sentences of paragraph 72, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's September 5, 2018 conference presentation but deny that the CCAC provides the full and correct content and context of that conference presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference presentation. Answering further, Defendants respectfully refer the Court to the transcript of Concho's September 5, 2018 conference presentation for its full and correct content and context. With respect to the allegations in the third sentence of paragraph 72, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's March 4, 2019 conference presentation but deny that the CCAC provides the full and correct content and context of that conference presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference presentation. Answering further, Defendants respectfully refer the Court to the transcript of Concho's March

21

4, 2019 conference presentation for its full and correct content and context. Defendants deny the remaining allegations in the second, third, and fourth sentences of paragraph 72 and further deny that Concho's September 5, 2018 conference presentation and March 4, 2019 conference presentation contain any false or misleading statements by Defendants.

73. Defendants deny the allegations in paragraph 73.

**RESPONSE TO: "D. Former Concho Employees Demonstrate that the Defendants' Class Period Representations Were Materially False and Misleading"**

74. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 and accordingly deny them.

75. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 75.

76. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 76.

77. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 77.

78. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 78.

79. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 79.

80. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 80.

81. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 81. The allegations in footnote 2 of paragraph 81 do not require a response, except that Defendants would refer the Court to the website for ARIES software for a full and accurate description of its functions.

82. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 82.

83. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 83.

84. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 84.

85. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 85.

86. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 86.

87. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 87.

88. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 88.

89. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 89.

90. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 90.

91. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 91.

92. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 92.

93. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 93.

94. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 94.

95. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 95.

96. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 96.

97. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 97.

98. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 98.

99. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 99.

100. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 100.

101. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 101.

102. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 102.

103. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 103.

104. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 104.

105. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 105.

106. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 and accordingly deny them.

107. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-2, and therefore deny the allegations in paragraph 107.

108. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 and accordingly deny them.

109. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-2, and therefore deny the allegations in paragraph 109.

110. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-2, and therefore deny the allegations in paragraph 110.

111. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 and accordingly deny them.

112. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 112 and accordingly deny them. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-3, and therefore deny the remaining allegations in paragraph 112.

113. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-3, and therefore deny the allegations in paragraph 113.

114. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-3, and therefore deny the allegations in paragraph 114.

115. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-3, and therefore deny the allegations in paragraph 115.

116. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-3, and therefore deny the allegations in paragraph 116.

117. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-3, and therefore deny the allegations in paragraph 117.

118. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-3, and therefore deny the allegations in paragraph 118.

119. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-3, and therefore deny the allegations in paragraph 119.

120. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-3, and therefore deny the allegations in paragraph 120.

121. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-3, and therefore deny the allegations in paragraph 121.

122. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-3, and therefore deny the allegations in paragraph 122.

123. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-3, and therefore deny the allegations in paragraph 123. Defendants deny the remaining allegations in paragraph 123.

124. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-3, and therefore deny the allegations in paragraph 124.

125. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 125 and accordingly deny them. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-4, and therefore deny the allegations in the second sentence of paragraph 125.

126. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-4, and therefore deny the allegations in paragraph 126.

127. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-4, and therefore deny the allegations in paragraph 127.

128. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-4, and therefore deny the allegations in paragraph 128.

129. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-4, and therefore deny the allegations in paragraph 129.

130. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-4, and therefore deny the allegations in paragraph 130.

131. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 and accordingly deny them.

132. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-5, and therefore deny the allegations in paragraph 132.

133. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-5, and therefore deny the allegations in paragraph 133.

134. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-5 or a purported "former geologist," and therefore deny the allegations in paragraph 134.

135. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 and accordingly deny them.

136. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 136 and accordingly deny them. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described in the second sentence of paragraph 136 were in fact made by FE-6, and therefore deny the allegations in the second sentence of paragraph 136.

137. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-6, and therefore deny the allegations in paragraph 137.

138. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-6, and therefore deny the allegations in paragraph 138.

139. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 and accordingly deny them.

140. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-7, and therefore deny the allegations in paragraph 140.

141. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-7, and therefore deny the allegations in paragraph 141.

142. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 142 and accordingly deny them. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described in the second sentence of paragraph 142 were in fact made by FE-8, and therefore deny the allegations in the second sentence of paragraph 142.

143. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-8, and therefore deny the allegations in paragraph 143.

144. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-8, and therefore deny the allegations in paragraph 144.

145. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-8, and therefore deny the allegations in paragraph 145.

146. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-8, and therefore deny the allegations in paragraph 146.

147. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-8, and therefore deny the allegations in paragraph 147.

148. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 and accordingly deny them.

149. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-9, and therefore deny the allegations in paragraph 149.

150. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-9, and therefore deny the allegations in paragraph 150.

151. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-9, and therefore deny the allegations in paragraph 151.

152.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-9, and therefore deny the allegations in paragraph 152.

153.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-9, and therefore deny the allegations in paragraph 153.

154.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-9, and therefore deny the allegations in paragraph 154.

**RESPONSE TO: "E.  Defendants' Admissions and Analysis of the Dominator's Production Demonstrate that Their Class Period Representations Were Materially False and Misleading"**

**RESPONSE TO: "1. Data Shows that Dominator's Initial Production Was Significantly Below its Peers"**

155.    The allegations in paragraph 155 are too vague and ambiguous to respond to and are therefore denied.

156.    The allegations in paragraph 156 are too vague and ambiguous to respond to and are therefore denied.

157.    Defendants lack knowledge or information sufficient to form a belief as to the analysis purportedly conducted, and therefore deny the allegations in paragraph 157.

158.    With respect to the allegations in the first sentence of paragraph 158, Defendants lack knowledge or information sufficient to form a belief as to the analysis purportedly conducted, and therefore deny the allegations in the first sentence of paragraph 158. The allegations in the second, third, and fourth sentences of paragraph 158 are too vague and ambiguous to respond to and are therefore denied. With respect to the allegations in the fifth and

sixth sentences of paragraph 158, Defendants lack knowledge or information sufficient to form a belief as to the analysis purportedly conducted, and therefore deny the allegations in the fifth and sixth sentences of paragraph 158.

159.    With respect to the allegations in the first sentence of paragraph 159, Defendants lack knowledge or information sufficient to form a belief as to the analysis purportedly conducted, and therefore deny the allegations in the first sentence of paragraph 159. The allegations in the second and third sentences of paragraph 159 are too vague and ambiguous to respond to and are therefore denied.

160.    Defendants lack knowledge or information sufficient to form a belief as to the analysis purportedly conducted, and therefore deny the allegations in paragraph 160.

161.    With respect to the allegations in the first sentence of paragraph 161, the allegations are too vague and ambiguous to respond to and are therefore denied. Defendants deny the allegations in the second sentence of paragraph 161.

> **RESPONSE TO: "2. Defendants' Post-Class Period Admissions Contradict Their Previous Positive Statements About the Dominator and Similar Projects"**

162.    With respect to the allegations in paragraph 162, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's July 31, 2019 earnings release but deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings release. Answering further, Defendants respectfully refer the Court to Concho's July 31, 2019 earnings release for its full and correct content and context. Defendants deny the remaining allegations in paragraph 162.

163.    With respect to the allegations in paragraph 163, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's August 1, 2019 earnings call but deny that

the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's August 1, 2019 earnings call for its full and correct content and context. Defendants deny the remaining allegations in paragraph 163.

164. With respect to the allegations in paragraph 164, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's presentation at the September 4, 2019 Barclay's CEO Energy-Power Conference but deny that the CCAC provides the full and correct content and context of that conference presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference presentation. Answering further, Defendants respectfully refer the Court to the transcript of Concho's September 4, 2019 conference presentation for its full and correct content and context. Defendants deny the remaining allegations in paragraph 164.

165. With respect to the allegations in paragraph 165, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's October 30, 2019 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's October 30, 2019 earnings call for its full and correct content and context. Defendants deny the remaining allegations in paragraph 165.

166. With respect to the allegations in paragraph 166, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 19, 2020 Form 10-K but deny that the CCAC provides the full and correct content and context of that Form 10-K and further deny

the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that Form 10-K. Answering further, Defendants respectfully refer the Court to Concho's February 19, 2020 Form 10-K for its full and correct content and context.

**RESPONSE TO: "V.  DEFENDANTS' VIOLATIONS OF THE EXCHANGE ACT"**

**RESPONSE TO: "A.  Defendants' Materially False and Misleading Statements and Omissions in Violation of Section 10(b) of the Exchange Act"**

**RESPONSE TO:  "1. Fourth Quarter and Full Year 2017 Financial and Operating Results"**

167.    The first sentence of paragraph 167 is not a complete or comprehensible sentence and is therefore denied, but Defendants admit that Concho issued its fourth quarter and full year 2017 financial results and provided 2018 guidance on SEC Form 8-K on February 20, 2018. With respect to the remaining allegations in paragraph 167, Defendants admit that the CCAC purports to paraphrase or describe portions of Concho's February 20, 2018 earnings release but deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings release. Answering further, Defendants respectfully refer the Court to Concho's February 20, 2018 earnings release for its full and correct content and context. Defendants deny that Concho's February 20, 2018 earnings release contains any false or misleading statements by Defendants.

168.    With respect to the allegations in paragraph 168, Defendants admit that the CCAC purports to paraphrase or describe portions of Concho's February 20, 2018 earnings release but deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings release. Answering further, Defendants respectfully refer the Court to Concho's February 20, 2018 earnings release for its full and correct content and context.

36

Defendants deny that Concho's February 20, 2018 earnings release contains any false or misleading statements by Defendants.

169. With respect to the allegations in paragraph 169, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 20, 2018 earnings release but deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings release. Answering further, Defendants respectfully refer the Court to Concho's February 20, 2018 earnings release for its full and correct content and context. Defendants deny that Concho's February 20, 2018 earnings release contains any false or misleading statements by Defendants.

170. With respect to the allegations in paragraph 170, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 20, 2018 earnings release but deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings release. Answering further, Defendants respectfully refer the Court to Concho's February 20, 2018 earnings release for its full and correct content and context. Defendants deny that Concho's February 20, 2018 earnings release contains any false or misleading statements by Defendants.

171. With respect to the allegations in paragraph 171, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 20, 2018 earnings release but deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings release. Answering further, Defendants respectfully refer the

Court to Concho's February 20, 2018 earnings release for its full and correct content and context. Defendants deny that Concho's February 20, 2018 earnings release contains any false or misleading statements by Defendants.

172. Defendants deny the allegations in paragraph 172, including its subparts (a) through (h).

173. Defendants deny the allegations in paragraph 173, including its subparts (a) through (j).

174. With respect to the allegations in paragraph 174, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 20, 2018 earnings release but deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings release. Answering further, Defendants respectfully refer the Court to Concho's February 20, 2018 earnings release for its full and correct content and context. Defendants deny the remaining allegations in paragraph 174 and further deny that Concho's February 20, 2018 earnings release contains any false or misleading statements by Defendants.

175. Defendants deny the allegations in paragraph 175, including its subparts (a) through (j).

176. With respect to the allegations in paragraph 176, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 20, 2018 earnings release but deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings release. Answering further, Defendants respectfully refer the Court to Concho's February 20, 2018 earnings release for its full and correct content and context.

Defendants deny that Concho's February 20, 2018 earnings release contains any false or misleading statements by Defendants.

177.　Defendants deny the allegations in paragraph 177, including its subparts (a) through (i).

178.　With respect to the allegations in paragraph 178, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 20, 2018 earnings release but deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings release. Answering further, Defendants respectfully refer the Court to Concho's February 20, 2018 earnings release for its full and correct content and context. Defendants deny that Concho's February 20, 2018 earnings release contains any false or misleading statements by Defendants.

179.　Defendants deny the allegations in paragraph 179, including its subparts (a) through (j).

180.　Defendants admit the allegations in the first sentence of paragraph 180. With respect to the remaining allegations in paragraph 180, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 21, 2018 Form 10-K but deny that the CCAC provides the full and correct content and context of that Form 10-K and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that Form 10-K. Answering further, Defendants respectfully refer the Court to Concho's February 21, 2018 Form 10-K for its full and correct content and context. Defendants deny that Concho's February 21, 2018 Form 10-K contains any false or misleading statements by Defendants.

181. Defendants deny the allegations in paragraph 181, including its subparts (a) through (i).

182. With respect to the allegations in paragraph 182, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 21, 2018 Form 10-K but deny that the CCAC provides the full and correct content and context of that Form 10-K and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that Form 10-K. Answering further, Defendants respectfully refer the Court to Concho's February 21, 2018 Form 10-K for its full and correct content and context. Defendants deny that Concho's February 21, 2018 Form 10-K contains any false or misleading statements by Defendants.

183. Defendants deny the allegations in paragraph 183, including its subparts (a) through (j).

184. Defendants admit the allegations in paragraph 184, except deny that Concho's February 21, 2018 earnings call contains any false or misleading statements by Defendants.

185. With respect to the allegations in paragraph 185, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 21, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's February 21, 2018 earnings call for its full and correct content and context. Defendants deny that Concho's February 21, 2018 earnings call contains any false or misleading statements by Defendants.

40

186. With respect to the allegations in paragraph 186, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 21, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's February 21, 2018 earnings call for its full and correct content and context. Defendants deny that Concho's February 21, 2018 earnings call contains any false or misleading statements by Defendants.

187. Defendants deny the allegations in paragraph 187, including its subparts (a) through (j).

188. With respect to the allegations in paragraph 188, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 21, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's February 21, 2018 earnings call for its full and correct content and context. Defendants deny that Concho's February 21, 2018 earnings call contains any false or misleading statements by Defendants.

189. With respect to the allegations in paragraph 189, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 21, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the

transcript of Concho's February 21, 2018 earnings call for its full and correct content and context. Defendants deny that Concho's February 21, 2018 earnings call contains any false or misleading statements by Defendants.

190. With respect to the allegations in paragraph 190, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 21, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's February 21, 2018 earnings call for its full and correct content and context. Defendants deny that Concho's February 21, 2018 earnings call contains any false or misleading statements by Defendants.

191. With respect to the allegations in paragraph 191, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 21, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's February 21, 2018 earnings call for its full and correct content and context. Defendants deny that Concho's February 21, 2018 earnings call contains any false or misleading statements by Defendants.

192. Defendants deny the allegations in paragraph 192, including its subparts (a) through (j).

193. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 193 and accordingly deny them. With

42

respect to the remaining allegations in paragraph 193, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 21, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's February 21, 2018 earnings call for its full and correct content and context. Defendants deny that Concho's February 21, 2018 earnings call contains any false or misleading statements by Defendants.

194.    With respect to the allegations in paragraph 194, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 21, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's February 21, 2018 earnings call for its full and correct content and context. Defendants deny that Concho's February 21, 2018 earnings call contains any false or misleading statements by Defendants.

195.    Defendants deny the allegations in paragraph 195, including its subparts (a) through (i).

> **RESPONSE TO: "2. Concho Presents at the Raymond James 39th Annual Institutional Investors Conference"**

196.    Defendants admit the allegations in paragraph 196.

197.    With respect to the allegations in paragraph 197, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's March 5, 2018 conference presentation but deny that the CCAC provides the full and correct content and context of that conference

presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference presentation. Answering further, Defendants respectfully refer the Court to the transcript of Concho's March 5, 2018 conference presentation for its full and correct content and context. Defendants deny that Concho's March 5, 2018 conference presentation contains any false or misleading statements by Defendants.

198. Defendants deny the allegations in paragraph 198, including its subparts (a) through (j).

199. With respect to the allegations in paragraph 199, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's March 5, 2018 conference presentation but deny that the CCAC provides the full and correct content and context of that conference presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference presentation. Answering further, Defendants respectfully refer the Court to the transcript of Concho's March 5, 2018 conference presentation for its full and correct content and context. Defendants deny that Concho's March 5, 2018 conference presentation contains any false or misleading statements by Defendants.

200. Defendants deny the allegations in paragraph 200, including its subparts (a) through (h).

201. With respect to the allegations in paragraph 201, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's March 5, 2018 conference presentation but deny that the CCAC provides the full and correct content and context of that conference presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference presentation. Answering further, Defendants respectfully refer the Court to the transcript of Concho's March 5, 2018 conference

44

presentation for its full and correct content and context. Defendants deny that Concho's March 5, 2018 conference presentation contains any false or misleading statements by Defendants.

202.    Defendants deny the allegations in paragraph 202, including its subparts (a) through (h).

**RESPONSE TO: "3. Concho Announces Plans to Acquire RSP"**

203.    With respect to the allegations in paragraph 203, Defendants admit that the CCAC purports to paraphrase or describe portions of Concho's definitive merger agreement with RSP, as announced in Concho's March 28, 2018 press release, but deny that the CCAC provides the full and correct content and context of that definitive merger agreement and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that definitive merger agreement. Answering further, Defendants respectfully refer the Court to the definitive merger agreement for its full and correct content and context. Defendants deny the remaining allegations in paragraph 203.

204.    With respect to the allegations in paragraph 204, Defendants admit that the CCAC purports to paraphrase or describe portions of Concho's definitive merger agreement with RSP, as announced in Concho's March 28, 2018 press release, but deny that the CCAC provides the full and correct content and context of that definitive merger agreement and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that definitive merger agreement. Answering further, Defendants respectfully refer the Court to the definitive merger agreement for its full and correct content and context.

205.    Defendants admit that Concho hosted a conference call with investors on March 28, 2018 to discuss the RSP acquisition and that Leach and Harper were among the participants, but deny the remaining allegations in paragraph 205.

206.     With respect to the allegations in paragraph 206, Defendants admit that the CCAC purports to paraphrase or describe portions of Concho's March 28, 2018 conference call but deny that the CCAC provides the full and correct content and context of that conference call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's March 28, 2018 conference call for its full and correct content and context. Defendants deny that Concho's March 28, 2018 conference call contains any false or misleading statements by Defendants.

207.     With respect to the allegations in paragraph 207, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's March 28, 2018 conference call but deny that the CCAC provides the full and correct content and context of that conference call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's March 28, 2018 conference call for its full and correct content and context. Defendants deny that Concho's March 28, 2018 conference call contains any false or misleading statements by Defendants.

208.     With respect to the allegations in paragraph 208, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's March 28, 2018 conference call but deny that the CCAC provides the full and correct content and context of that conference call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's March 28, 2018 conference call for its full and correct content and

context. Defendants deny that Concho's March 28, 2018 conference call contains any false or misleading statements by Defendants.

209. With respect to the allegations in paragraph 209, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's March 28, 2018 conference call but deny that the CCAC provides the full and correct content and context of that conference call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's March 28, 2018 conference call for its full and correct content and context. Defendants deny that Concho's March 28, 2018 conference call contains any false or misleading statements by Defendants.

210. Defendants deny the allegations in paragraph 210, including its subparts (a) through (j).

**RESPONSE TO:  "4. First Quarter 2018 Financial and Operating Results"**

211. Defendants admit the allegations in the first sentence of paragraph 211. With respect to the remaining allegations in paragraph 211, Defendants admit that the CCAC purports to paraphrase or describe portions of Concho's May 1, 2018 earnings release but deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings release. Answering further, Defendants respectfully refer the Court to Concho's May 1, 2018 earnings release for its full and correct content and context. Defendants deny that Concho's May 1, 2018 earnings release contains any false or misleading statements by Defendants.

212. With respect to the allegations in paragraph 212, Defendants admit that the CCAC purports to paraphrase or describe portions of Concho's May 1, 2018 earnings release but deny

47

that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings release. Answering further, Defendants respectfully refer the Court to Concho's May 1, 2018 earnings release for its full and correct content and context. Defendants deny that Concho's May 1, 2018 earnings release contains any false or misleading statements by Defendants.

213.    With respect to the allegations in paragraph 213, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's May 1, 2018 earnings release but deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings release. Answering further, Defendants respectfully refer the Court to Concho's May 1, 2018 earnings release for its full and correct content and context. Defendants deny that Concho's May 1, 2018 earnings release contains any false or misleading statements by Defendants.

214.    Defendants deny the allegations in paragraph 214, including its subparts (a) through (j).

215.    Defendants admit that Concho hosted an earnings call for analysts and investors on May 2, 2018 to discuss Concho's first quarter 2018 results and that Leach and Harper were among the participants, but deny the remaining allegations in paragraph 215.

216.    With respect to the allegations in paragraph 216, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's May 2, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of

that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's May 2, 2018 earnings call for its full and correct content and context. Defendants deny that Concho's May 2, 2018 earnings call contains any false or misleading statements by Defendants.

217. Defendants deny the allegations in paragraph 217, including its subparts (a) through (h).

218. With respect to the allegations in paragraph 218, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's May 2, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's May 2, 2018 earnings call for its full and correct content and context. Defendants deny that Concho's May 2, 2018 earnings call contains any false or misleading statements by Defendants.

219. Defendants deny the allegations in paragraph 219, including its subparts (a) through (j).

220. With respect to the allegations in paragraph 220, Defendants admit that the CCAC purports to paraphrase, quote, and excerpt portions of Concho's quarterly update presentation dated May 1, 2018 but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that presentation. Answering further, Defendants respectfully refer the Court to Concho's May 1, 2018 quarterly update presentation for its full

and correct content and context. Defendants deny that Concho's May 1, 2018 quarterly update presentation contains any false or misleading statements by Defendants.

221.    Defendants deny the allegations in paragraph 221, including its subparts (a) through (j).

**RESPONSE TO:    "5. Concho Presents at the Citi 2018 Global Energy Utilities Conference"**

222.    Defendants admit the allegations in paragraph 222, to the extent they refer to the Citi Global Energy and Utilities Conference, incorrectly described in paragraph 222 as the Citi 2018 Global Energy Utilities Conference.

223.    With respect to the allegations in paragraph 223, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's May 15, 2018 conference presentation but deny that the CCAC provides the full and correct content and context of that conference presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference presentation. Answering further, Defendants respectfully refer the Court to the transcript of Concho's May 15, 2018 conference presentation for its full and correct content and context. Defendants deny that Concho's May 15, 2018 conference presentation contains any false or misleading statements by Defendants.

224.    With respect to the allegations in paragraph 224, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's May 15, 2018 conference presentation but deny that the CCAC provides the full and correct content and context of that conference presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference presentation. Answering further, Defendants respectfully refer the Court to the transcript of Concho's May 15, 2018 conference

presentation for its full and correct content and context. Defendants deny that Concho's May 15, 2018 conference presentation contains any false or misleading statements by Defendants.

225. With respect to the allegations in paragraph 225, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's May 15, 2018 conference presentation but deny that the CCAC provides the full and correct content and context of that conference presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference presentation. Answering further, Defendants respectfully refer the Court to the transcript of Concho's May 15, 2018 conference presentation for its full and correct content and context. Defendants deny that Concho's May 15, 2018 conference presentation contains any false or misleading statements by Defendants.

226. Defendants deny the allegations in paragraph 226, including its subparts (a) through (j).

**RESPONSE TO: "6. Second Quarter 2018 Financial and Operating Results"**

227. Defendants admit the allegations in the first sentence of paragraph 227. With respect to the remaining allegations in paragraph 227, Defendants admit that the CCAC purports to paraphrase or describe portions of Concho's August 1, 2018 earnings release but deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings release. Answering further, Defendants respectfully refer the Court to Concho's August 1, 2018 earnings release for its full and correct content and context. Defendants deny that Concho's August 1, 2018 earnings release contains any false or misleading statements by Defendants.

228. With respect to the allegations in paragraph 228, Defendants admit that the CCAC purports to paraphrase or describe portions of Concho's August 1, 2018 earnings release but

deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings release. Answering further, Defendants respectfully refer the Court to Concho's August 1, 2018 earnings release for its full and correct content and context. Defendants deny that Concho's August 1, 2018 earnings release contains any false or misleading statements by Defendants.

229.   Defendants admit that Concho hosted an earnings call for analysts and investors on August 2, 2018 to discuss Concho's second quarter 2018 results and that Leach, Harper, and Giraud were among the participants, but deny the remaining allegations in paragraph 229.

230.   With respect to the allegations in paragraph 230, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's August 2, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's August 2, 2018 earnings call for its full and correct content and context. Defendants deny that Concho's August 2, 2018 earnings call contains any false or misleading statements by Defendants.

231.   With respect to the allegations in paragraph 231, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's August 2, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's August 2, 2018 earnings call for its full and correct content and context. Defendants

52

deny that Concho's August 2, 2018 earnings call contains any false or misleading statements by Defendants.

232.    Defendants deny the allegations in paragraph 232, including its subparts (a) through (j).

233.    With respect to the allegations in paragraph 233, Defendants admit that the CCAC purports to describe and excerpt portions of Concho's quarterly update presentation dated August 1, 2018 but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that presentation. Answering further, Defendants respectfully refer the Court to Concho's August 1, 2018 quarterly update presentation for its full and correct content and context. Defendants deny that Concho's August 1, 2018 quarterly update presentation contains any false or misleading statements by Defendants.

234.    With respect to the allegations in paragraph 234, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's quarterly update presentation dated August 1, 2018 but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that presentation. Answering further, Defendants respectfully refer the Court to Concho's August 1, 2018 quarterly update presentation for its full and correct content and context. Defendants deny that Concho's August 1, 2018 quarterly update presentation contains any false or misleading statements by Defendants.

235.    Defendants deny the allegations in paragraph 235, including its subparts (a) through (g).

236.     With respect to the allegations in paragraph 236, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's August 2, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's August 2, 2018 earnings call for its full and correct content and context. Defendants deny that Concho's August 2, 2018 earnings call contains any false or misleading statements by Defendants.

237.     With respect to the allegations in paragraph 237, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's August 2, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's August 2, 2018 earnings call for its full and correct content and context. Defendants deny that Concho's August 2, 2018 earnings call contains any false or misleading statements by Defendants.

238.     With respect to the allegations in paragraph 238, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's August 2, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's August 2, 2018 earnings call for its full and correct content and context. Defendants

54

deny that Concho's August 2, 2018 earnings call contains any false or misleading statements by Defendants.

**RESPONSE TO: "7. Concho Presents at the Barclays CEO Energy Power Conference"**

239. Defendants admit the allegations in paragraph 239.

240. With respect to the allegations in paragraph 240, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's September 5, 2018 conference presentation but deny that the CCAC provides the full and correct content and context of that conference presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference presentation. Answering further, Defendants respectfully refer the Court to the transcript of Concho's September 5, 2018 conference presentation for its full and correct content and context. Defendants deny that Concho's September 5, 2018 conference presentation contains any false or misleading statements by Defendants.

241. Defendants deny the allegations in paragraph 241, including its subparts (a) through (i).

242. With respect to the allegations in paragraph 242, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's September 5, 2018 conference presentation but deny that the CCAC provides the full and correct content and context of that conference presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference presentation. Answering further, Defendants respectfully refer the Court to the transcript of Concho's September 5, 2018 conference presentation for its full and correct content and context. Defendants deny the

remaining allegations in paragraph 242, and further deny that Concho's September 5, 2018 conference presentation contains any false or misleading statements by Defendants.

243. With respect to the allegations in paragraph 243, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's September 5, 2018 conference presentation but deny that the CCAC provides the full and correct content and context of that conference presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference presentation. Answering further, Defendants respectfully refer the Court to the transcript of Concho's September 5, 2018 conference presentation for its full and correct content and context. Defendants deny that Concho's September 5, 2018 conference presentation contains any false or misleading statements by Defendants.

244. Defendants deny the allegations in paragraph 244, including its subparts (a) through (k).

245. With respect to the allegations in paragraph 245, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's September 5, 2018 conference presentation but deny that the CCAC provides the full and correct content and context of that conference presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference presentation. Answering further, Defendants respectfully refer the Court to the transcript of Concho's September 5, 2018 conference presentation for its full and correct content and context. Defendants deny that Concho's September 5, 2018 conference presentation contains any false or misleading statements by Defendants.

246. Defendants deny the allegations in paragraph 246, including its subparts (a) through (h).

247. With respect to the allegations in paragraph 247, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's September 5, 2018 conference presentation but deny that the CCAC provides the full and correct content and context of that conference presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference presentation. Answering further, Defendants respectfully refer the Court to the transcript of Concho's September 5, 2018 conference presentation for its full and correct content and context. Defendants deny that Concho's September 5, 2018 conference presentation contains any false or misleading statements by Defendants.

248. Defendants deny the allegations in paragraph 248, including its subparts (a) through (h).

249. With respect to the allegations in paragraph 249, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's September 5, 2018 conference presentation but deny that the CCAC provides the full and correct content and context of that conference presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference presentation. Answering further, Defendants respectfully refer the Court to the transcript of Concho's September 5, 2018 conference presentation for its full and correct content and context. Defendants deny that Concho's September 5, 2018 conference presentation contains any false or misleading statements by Defendants.

250.     Defendants deny the allegations in paragraph 250, including its subparts (a) through (j).

**RESPONSE TO: "8. Third Quarter 2018 Financial and Operating Results"**

251.     Defendants admit the allegations in the first sentence of paragraph 251. With respect to the remaining allegations in paragraph 251, Defendants admit that the CCAC purports to paraphrase or describe portions of Concho's October 30, 2018 earnings release but deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings release. Answering further, Defendants respectfully refer the Court to Concho's October 30, 2018 earnings release for its full and correct content and context. Defendants deny that Concho's October 30, 2018 earnings release contains any false or misleading statements by Defendants.

252.     With respect to the allegations in paragraph 252, Defendants admit that the CCAC purports to paraphrase or describe portions of Concho's October 30, 2018 earnings release but deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings release. Answering further, Defendants respectfully refer the Court to Concho's October 30, 2018 earnings release for its full and correct content and context. Defendants deny that Concho's October 30, 2018 earnings release contains any false or misleading statements by Defendants.

253.     With respect to the allegations in paragraph 253, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's October 30, 2018 earnings release but deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the

actual content of that earnings release. Answering further, Defendants respectfully refer the Court to Concho's October 30, 2018 earnings release for its full and correct content and context. Defendants deny that Concho's October 30, 2018 earnings release contains any false or misleading statements by Defendants.

254.    Defendants deny the allegations in paragraph 254, including its subparts (a) through (j).

255.    With respect to the allegations in paragraph 255, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's October 30, 2018 earnings release but deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings release. Answering further, Defendants respectfully refer the Court to Concho's October 30, 2018 earnings release for its full and correct content and context. Defendants deny that Concho's October 30, 2018 earnings release contains any false or misleading statements by Defendants.

256.    Defendants deny the allegations in paragraph 256, including its subparts (a) through (i).

257.    Defendants admit that Concho hosted an earnings call on October 31, 2018 to discuss Concho's third quarter 2018 results and that Leach, Harper, and Giraud were among the participants, but deny the remaining allegations in paragraph 257.

258.    With respect to the allegations in paragraph 258, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's October 31, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual

59

content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's October 31, 2018 earnings call for its full and correct content and context. Defendants deny that Concho's October 31, 2018 earnings call contains any false or misleading statements by Defendants.

259. With respect to the allegations in paragraph 259, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's October 31, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's October 31, 2018 earnings call for its full and correct content and context. Defendants deny that Concho's October 31, 2018 earnings call contains any false or misleading statements by Defendants.

260. With respect to the allegations in paragraph 260, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's October 31, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's October 31, 2018 earnings call for its full and correct content and context. Defendants deny that Concho's October 31, 2018 earnings call contains any false or misleading statements by Defendants.

261. Defendants deny the allegations in paragraph 261, including its subparts (a) through (j).

262.   With respect to the allegations in paragraph 262, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's October 31, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's October 31, 2018 earnings call for its full and correct content and context. Defendants deny that Concho's October 31, 2018 earnings call contains any false or misleading statements by Defendants.

263.   Defendants deny the allegations in paragraph 263, including its subparts (a) through (j).

**RESPONSE TO:   "9. Fourth Quarter and Full Year 2018 Financial and Operating Results"**

264.   Defendants admit the allegations in the first sentence of paragraph 264. With respect to the remaining allegations in paragraph 264, Defendants admit that the CCAC purports to paraphrase or describe portions of Concho's February 19, 2019 earnings release but deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings release. Answering further, Defendants respectfully refer the Court to Concho's February 19, 2019 earnings release for its full and correct content and context. Defendants deny that Concho's February 19, 2019 earnings release contains any false or misleading statements by Defendants.

265.   With respect to the allegations in paragraph 265, Defendants admit that the CCAC purports to paraphrase or describe portions of Concho's February 19, 2019 earnings release but deny that the CCAC provides the full and correct content and context of that earnings release and

further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings release. Answering further, Defendants respectfully refer the Court to Concho's February 19, 2019 earnings release for its full and correct content and context. Defendants deny that Concho's February 19, 2019 earnings release contains any false or misleading statements by Defendants.

266. With respect to the allegations in paragraph 266, Defendants admit that the CCAC purports to paraphrase or describe portions of Concho's February 19, 2019 earnings release but deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings release. Answering further, Defendants respectfully refer the Court to Concho's February 19, 2019 earnings release for its full and correct content and context. Defendants deny that Concho's February 19, 2019 earnings release contains any false or misleading statements by Defendants.

267. Defendants deny the allegations in paragraph 267, including its subparts (a) through (j).

268. With respect to the allegations in paragraph 268, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 19, 2019 earnings release but deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings release. Answering further, Defendants respectfully refer the Court to Concho's February 19, 2019 earnings release for its full and correct content and context. Defendants deny that Concho's February 19, 2019 earnings release contains any false or misleading statements by Defendants.

269. Defendants deny the allegations in paragraph 269, including its subparts (a) through (j).

270. Defendants admit the allegations in the first sentence of paragraph 270. With respect to the remaining allegations in paragraph 270, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 20, 2019 Form 10-K but deny that the CCAC provides the full and correct content and context of that Form 10-K and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that Form 10-K. Answering further, Defendants respectfully refer the Court to Concho's February 20, 2019 Form 10-K for its full and correct content and context. Defendants deny that Concho's February 20, 2019 Form 10-K contains any false or misleading statements by Defendants.

271. With respect to the allegations in paragraph 271, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 20, 2019 Form 10-K but deny that the CCAC provides the full and correct content and context of that Form 10-K and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that Form 10-K. Answering further, Defendants respectfully refer the Court to Concho's February 20, 2019 Form 10-K for its full and correct content and context. Defendants deny that Concho's February 20, 2019 Form 10-K contains any false or misleading statements by Defendants.

272. Defendants deny the allegations in paragraph 272, including its subparts (a) through (j).

273. Defendants admit that Concho hosted an earnings call on February 20, 2019 to discuss Concho's fourth quarter and full year 2018 results and that Leach, Harper, and Giraud were among the participants, but deny the remaining allegations in paragraph 273.

274. With respect to the allegations in paragraph 274, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 20, 2019 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's February 20, 2019 earnings call for its full and correct content and context. Defendants deny that Concho's February 20, 2019 earnings call contains any false or misleading statements by Defendants.

275. With respect to the allegations in paragraph 275, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 20, 2019 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's February 20, 2019 earnings call for its full and correct content and context. Defendants deny that Concho's February 20, 2019 earnings call contains any false or misleading statements by Defendants.

276. Defendants deny the allegations in paragraph 276, including its subparts (a) through (j).

277. With respect to the allegations in paragraph 277, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 20, 2019 earnings call but deny

64

that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's February 20, 2019 earnings call for its full and correct content and context. Defendants deny that Concho's February 20, 2019 earnings call contains any false or misleading statements by Defendants.

278.    With respect to the allegations in paragraph 278, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 20, 2019 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's February 20, 2019 earnings call for its full and correct content and context. Defendants deny that Concho's February 20, 2019 earnings call contains any false or misleading statements by Defendants.

279.    Defendants deny the allegations in paragraph 279, including its subparts (a) through (i).

280.    With respect to the allegations in paragraph 280, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 20, 2019 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's February 20, 2019 earnings call for its full and correct content and

context. Defendants deny that Concho's February 20, 2019 earnings call contains any false or misleading statements by Defendants.

281.    Defendants deny the allegations in paragraph 281, including its subparts (a) through (i).

**RESPONSE TO:  "10. Concho Presents at the Raymond James 40th Annual Institutional Investors Conference"**

282.    Defendants admit the allegations in paragraph 282.

283.    With respect to the allegations in paragraph 283, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's March 4, 2019 conference presentation but deny that the CCAC provides the full and correct content and context of that conference presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference presentation. Answering further, Defendants respectfully refer the Court to the transcript of Concho's March 4, 2019 conference presentation for its full and correct content and context. Defendants deny that Concho's March 4, 2019 conference presentation contains any false or misleading statements by Defendants.

284.    Defendants deny the allegations in paragraph 284, including its subparts (a) through (i).

**RESPONSE TO:  "11. First Quarter 2019 Financial and Operating Results"**

285.    Defendants admit the allegations in the first sentence of paragraph 285. With respect to the remaining allegations in paragraph 285, Defendants admit that the CCAC purports to paraphrase or describe portions of Concho's April 30, 2019 earnings release but deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings release. Answering further, Defendants respectfully refer the Court to Concho's

April 30, 2019 earnings release for its full and correct content and context. Defendants deny that Concho's April 30, 2019 earnings release contains any false or misleading statements by Defendants.

286. With respect to the allegations in paragraph 286, Defendants admit that the CCAC purports to paraphrase or describe portions of Concho's April 30, 2019 earnings release but deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings release. Answering further, Defendants respectfully refer the Court to Concho's April 30, 2019 earnings release for its full and correct content and context. Defendants deny that Concho's April 30, 2019 earnings release contains any false or misleading statements by Defendants.

287. With respect to the allegations in paragraph 287, Defendants admit that the CCAC purports to paraphrase or describe portions of Concho's April 30, 2019 earnings release but deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings release. Answering further, Defendants respectfully refer the Court to Concho's April 30, 2019 earnings release for its full and correct content and context. Defendants deny that Concho's April 30, 2019 earnings release contains any false or misleading statements by Defendants.

288. With respect to the allegations in paragraph 288, Defendants admit that the CCAC purports to paraphrase or describe portions of Concho's April 30, 2019 earnings release but deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the

actual content of that earnings release. Answering further, Defendants respectfully refer the Court to Concho's April 30, 2019 earnings release for its full and correct content and context. Defendants deny that Concho's April 30, 2019 earnings release contains any false or misleading statements by Defendants.

289.     With respect to the allegations in paragraph 289, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's April 30, 2019 earnings release but deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings release. Answering further, Defendants respectfully refer the Court to Concho's April 30, 2019 earnings release for its full and correct content and context. Defendants deny that Concho's April 30, 2019 earnings release contains any false or misleading statements by Defendants.

290.     With respect to the allegations in paragraph 290, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's April 30, 2019 earnings release but deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings release. Answering further, Defendants respectfully refer the Court to Concho's April 30, 2019 earnings release for its full and correct content and context. Defendants deny that Concho's April 30, 2019 earnings release contains any false or misleading statements by Defendants.

291.     Defendants admit that Concho hosted an earnings call on May 1, 2019 to discuss Concho's first quarter 2019 results and that Leach, Harper, and Giraud were among the participants, but deny the remaining allegations in paragraph 291.

292.     With respect to the allegations in paragraph 292, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's May 1, 2019 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's May 1, 2019 earnings call for its full and correct content and context. Defendants deny that Concho's May 1, 2019 earnings call contains any false or misleading statements by Defendants.

293.     With respect to the allegations in paragraph 293, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's May 1, 2019 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's May 1, 2019 earnings call for its full and correct content and context. Defendants deny that Concho's May 1, 2019 earnings call contains any false or misleading statements by Defendants.

294.     With respect to the allegations in paragraph 294, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's May 1, 2019 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's May 1, 2019 earnings call for its full and correct content and context. Defendants deny

that Concho's May 1, 2019 earnings call contains any false or misleading statements by Defendants.

295. With respect to the allegations in paragraph 295, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's May 1, 2019 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's May 1, 2019 earnings call for its full and correct content and context. Defendants deny that Concho's May 1, 2019 earnings call contains any false or misleading statements by Defendants.

296. With respect to the allegations in paragraph 296, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's May 1, 2019 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's May 1, 2019 earnings call for its full and correct content and context. Defendants deny that Concho's May 1, 2019 earnings call contains any false or misleading statements by Defendants.

297. Defendants deny the allegations in paragraph 297, including its subparts (a) through (k).

**RESPONSE TO: "12. Concho Reveals Critical Well Spacing Issues"**

298. Defendants admit the allegations in the first sentence of paragraph 298. With respect to the remaining allegations in paragraph 298, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Concho's July 31, 2019 earnings release, but deny

70

that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings release. Answering further, Defendants respectfully refer the Court to Concho's July 31, 2019 earnings release for its full and correct content and context. Defendants deny the remaining allegations in paragraph 298.

299. With respect to the allegations in paragraph 299, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Concho's July 31, 2019 earnings release, but deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings release. Answering further, Defendants respectfully refer the Court to Concho's July 31, 2019 earnings release for its full and correct content and context. Defendants deny the remaining allegations in paragraph 299.

300. With respect to the allegations in paragraph 300, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Concho's July 31, 2019 earnings release, but deny that the CCAC provides the full and correct content and context of that earnings release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings release. Answering further, Defendants respectfully refer the Court to Concho's July 31, 2019 earnings release for its full and correct content and context. Defendants deny the remaining allegations in paragraph 300.

301. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 301, including its subparts (a) through (i), and accordingly deny them.

302.    Defendants admit the allegations in the first sentence of paragraph 302. With respect to the remaining allegations in paragraph 302, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Concho's August 1, 2019 earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's August 1, 2019 earnings call for its full and correct content and context. Defendants deny the remaining allegations in paragraph 302.

303.    With respect to the allegations in paragraph 303, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Concho's August 1, 2019 earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's August 1, 2019 earnings call for its full and correct content and context. Defendants deny the remaining allegations in paragraph 303.

304.    With respect to the allegations in paragraph 304, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Concho's August 1, 2019 earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's August 1, 2019 earnings call for its full and correct content and context. Defendants deny the remaining allegations in paragraph 304.

305.    Defendants admit that on July 31, 2019, Concho's stock price closed at or about $97.68 per share and on August 1, 2019, Concho's stock price closed at or about $75.97 per share, but deny the remaining allegations in paragraph 305.

306.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 306, including its subparts (a) through (i), and accordingly deny them.

307.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 307, and accordingly deny them.

**RESPONSE TO: "B.  Post Class Period Events"**

308.    Defendants deny the allegations in paragraph 308.

**RESPONSE TO: "1. Spacing Issues Linger"**

309.    Defendants admit the allegations in the first sentence of paragraph 309. With respect to the remaining allegations in paragraph 309, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's September 4, 2019 Barclay's CEO Energy-Power Conference but deny that the CCAC provides the full and correct content and context of that conference presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference presentation. Answering further, Defendants respectfully refer the Court to the transcript of Concho's September 4, 2019 conference presentation for its full and correct content and context.

310.    Defendants admit the allegations in the first sentence of paragraph 310. With respect to the remaining allegations in paragraph 310, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's October 30, 2019 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of

that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's October 30, 2019 earnings call for its full and correct content and context. Defendants deny the remaining allegations in paragraph 310.

311. Defendants admit the allegations in the first sentence of paragraph 311. With respect to the remaining allegations in paragraph 311, Defendants admit that the CCAC purports to describe and excerpt portions of Concho's October 29, 2019 Quarterly Update slide deck, but deny that the CCAC provides the full and correct content and context of that slide deck and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that slide deck. Answering further, Defendants respectfully refer the Court to Concho's October 29, 2019 slide deck for its full and correct content and context. Defendants deny the remaining allegations in paragraph 311.

312. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 312.

313. Defendants admit the allegations in the first sentence of paragraph 313. The second sentence of paragraph 313 is not a complete or comprehensible sentence and is therefore denied. With respect to the remaining allegations in paragraph 313, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 19, 2020 Form 10-K but deny that the CCAC provides the full and correct content and context of that Form 10-K and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that Form 10-K. Answering further, Defendants respectfully refer the Court to Concho's February 19, 2020 Form 10-K for its full and correct content and context. Defendants deny the remaining allegations in paragraph 313.

314. With respect to the allegations in paragraph 314, Defendants admit that the CCAC purports to describe portions of Concho's February 19, 2020 Form 10-K but deny that the CCAC provides the full and correct content and context of that Form 10-K and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that Form 10-K. Answering further, Defendants respectfully refer the Court to Concho's February 19, 2020 Form 10-K for its full and correct content and context.

315. With respect to the allegations in the first and third sentences of paragraph 315, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 19, 2020 Form 10-K but deny that the CCAC provides the full and correct content and context of that Form 10-K and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that Form 10-K. Answering further, Defendants respectfully refer the Court to Concho's February 19, 2020 Form 10-K for its full and correct content and context. Defendants deny the remaining allegations in the first and third sentences of paragraph 315. Defendants deny the allegations in the second sentence of paragraph 315.

316. Defendants admit the allegations in the first sentence of paragraph 316. With respect to the allegations in the second sentence of paragraph 316, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 19, 2020 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's February 19, 2020 earnings call for its full and correct content and context. Defendants deny the allegations in the third sentence of paragraph 316.

**RESPONSE TO:  "2. ConocoPhillips Acquires Concho for Fire Sale Prices"**

317.    Defendants admit the allegations in the first, third, fourth, and fifth sentences of paragraph 317. Defendants deny the allegations in the second sentence of paragraph 317.

318.    Defendants deny the allegations in the first sentence of paragraph 318. With respect to the allegations in the second and third sentences of paragraph 318, Defendants refer the Court to Concho's March 28, 2018 press release for the full and correct terms of the RSP acquisition and deny the remaining allegations in those sentences. Defendants deny the allegations in the fourth sentence of paragraph 318.

319.    With respect to the allegations in the first and third sentences of paragraph 319, Defendants admit that the CCAC purports to describe or paraphrase portions of a Joint Proxy Statement/Prospectus filed with the SEC on December 11, 2020, but deny that the CCAC provides the full and correct content and context of that Joint Proxy Statement/Prospectus and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that Joint Proxy Statement/Prospectus. Answering further, Defendants respectfully refer the Court to the December 11, 2020 Joint Proxy Statement/Prospectus for its full and correct content and context. Defendants admit the allegations in the second sentence of paragraph 319.

320.    With respect to the allegations in the first sentence of paragraph 320, Defendants admit that the CCAC purports to describe or paraphrase portions of a Joint Proxy Statement/Prospectus filed with the SEC on December 11, 2020, but deny that the CCAC provides the full and correct content and context of that Joint Proxy Statement/Prospectus and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that Joint Proxy Statement/Prospectus. Answering further, Defendants respectfully refer the Court to the December 11, 2020 Joint Proxy Statement/Prospectus for its

76

full and correct content and context. Defendants deny the allegations in the second sentence of paragraph 320.

> **RESPONSE TO: "C. Defendants Acted with Scienter When They Made or Caused to be Made Material Misstatements and Omissions in Violation of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder"**

321.    Defendants deny the allegations in paragraph 321.

322.    Defendants deny the allegations in paragraph 322.

323.    Defendants deny the allegations in paragraph 323.

324.    Defendants deny the allegations in paragraph 324.

325.    Defendants deny the allegations in paragraph 325, including its subparts (a) through (k).

> **RESPONSE TO:  "1. The Public Statements of the Individual Defendants Indicate Direct Knowledge of All Undisclosed Adverse Facts"**

326.    Defendants deny the allegations in the first sentence of paragraph 326. With respect to the allegations in the second sentence of paragraph 326, Defendants admit that the CCAC purports to describe Defendants' public statements during the Class Period but deny that the CCAC provides the full and correct content and context of those statements and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of those statements. Answering further, Defendants respectfully refer the Court to those statements for their full and correct content and context. Defendants deny the remaining allegations in the second sentence of paragraph 326 as too vague and ambiguous to respond to. Defendants deny the allegations in the third sentence of paragraph 326.

327.    With respect to the allegations in paragraph 327, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 21, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further

deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's February 21, 2018 earnings call for its full and correct content and context.

328.    With respect to the allegations in paragraph 328, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 21, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's February 21, 2018 earnings call for its full and correct content and context.

329.    With respect to the allegations in paragraph 329, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's March 5, 2018 conference presentation but deny that the CCAC provides the full and correct content and context of that conference presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference presentation. Answering further, Defendants respectfully refer the Court to the transcript of Concho's March 5, 2018 conference presentation for its full and correct content and context.

330.    Defendants admit the allegations in the first sentence of paragraph 330. With respect to the remaining allegations in paragraph 330, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's March 28, 2018 conference call but deny that the CCAC provides the full and correct content and context of that conference call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content

of that conference call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's March 28, 2018 conference call for its full and correct content and context.

331.    With respect to the allegations in paragraph 331, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's March 28, 2018 conference call but deny that the CCAC provides the full and correct content and context of that conference call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's March 28, 2018 conference call for its full and correct content and context.

332.    Defendants admit that Concho held an earnings call for analysts and investors on May 2, 2018 to discuss Concho's first quarter 2018 results and that Leach and Harper were among the participants, but deny the remaining allegations in the first sentence of paragraph 332 as too vague and ambiguous to respond to. With respect to the second, third, fourth, and fifth sentences in paragraph 332, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's May 2, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's May 2, 2018 earnings call for its full and correct content and context.

333.    Defendants admit the allegations in the first sentence of paragraph 333 to the extent they refer to the Citi Global Energy and Utilities Conference, incorrectly described in paragraph 333 as the Citi 2018 Global Energy Utilities Conference. With respect to the

remaining allegations in paragraph 333, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's May 15, 2018 conference presentation but deny that the CCAC provides the full and correct content and context of that conference presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference presentation. Answering further, Defendants respectfully refer the Court to the transcript of Concho's May 15, 2018 conference presentation for its full and correct content and context.

334.    Defendants admit that Concho held an earnings call for analysts and investors on August 2, 2018 to discuss Concho's second quarter 2018 results and that Leach, Harper, and Giraud were among the participants, but deny the remaining allegations in the first sentence of paragraph 334 as too vague and ambiguous to respond to. With respect to the allegations in the second sentence of paragraph 334, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's August 2, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's August 2, 2018 earnings call for its full and correct content and context.

335.    With respect to the allegations in paragraph 335, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's August 2, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's August 2, 2018 earnings call for its full and correct content and context.

336. With respect to the allegations in paragraph 336, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's August 2, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's August 2, 2018 earnings call for its full and correct content and context.

337. Defendants admit that Leach presented at the Barclays CEO Energy Power Conference on September 5, 2018, but deny the remaining allegations in the first sentence of paragraph 337 as too vague and ambiguous to respond to. With respect to the remaining allegations in paragraph 337, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's September 5, 2018 conference presentation but deny that the CCAC provides the full and correct content and context of that conference presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference presentation. Answering further, Defendants respectfully refer the Court to the transcript of Concho's September 5, 2018 conference presentation for its full and correct content and context.

338. Defendants admit that Concho held an earnings call for analysts and investors on October 31, 2018 to discuss Concho's third quarter 2018 results and that Leach, Harper, and Giraud were among the participants, but deny the remaining allegations in the first sentence of paragraph 338 as too vague and ambiguous to respond to. With respect to the remaining allegations in paragraph 338, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's October 31, 2018 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to

the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's October 31, 2018 earnings call for its full and correct content and context.

339.    Defendants admit that Concho held an earnings call for analysts and investors on February 20, 2019 to discuss Concho's fourth quarter 2018 results and that Leach, Harper, and Giraud were among the participants, but deny the remaining allegations in the first sentence of paragraph 339 as too vague and ambiguous to respond to. With respect to the remaining allegations in paragraph 339, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's February 20, 2019 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's February 20, 2019 earnings call for its full and correct content and context.

340.    Defendants admit the allegations in the first sentence of paragraph 340. With respect to the remaining allegations in paragraph 340, Defendants admit that the CCAC purports to paraphrase or quote portions of Concho's March 4, 2019 conference presentation but deny that the CCAC provides the full and correct content and context of that conference presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that conference presentation. Answering further, Defendants respectfully refer the Court to the transcript of Concho's March 4, 2019 conference presentation for its full and correct content and context.

341.    Defendants admit the allegations in the first sentence of paragraph 341. With respect to the remaining allegations in paragraph 341, Defendants admit that the CCAC purports

82

to paraphrase or quote portions of Concho's May 1, 2019 earnings call but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual content of that earnings call. Answering further, Defendants respectfully refer the Court to the transcript of Concho's May 1, 2019 earnings call for its full and correct content and context.

### RESPONSE TO: "2. The Individual Defendants Personally Reviewed and Approved the Company's Projects"

342. Defendants lack knowledge or information sufficient to form a belief as to whether any of the purported former-employee statements in paragraph 342 were in fact made, and therefore deny the allegations.

343. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 343.

344. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 344.

345. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 345.

346. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-3, and therefore deny the allegations in paragraph 346.

347. With respect to the allegations in the first sentence of paragraph 347, Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements

83

described were in fact made by FE-4, and therefore deny the allegations in the first sentence of paragraph 347. With respect to the second, third, and fourth sentences of paragraph 347, Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-4, and therefore deny the allegations in the second, third, and fourth sentences of paragraph 347.

348.   Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-5, and therefore deny the allegations in paragraph 348.

349.   Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described in paragraph 349 were in fact made by FE-8, and therefore deny the allegations in paragraph 349.

**RESPONSE TO: "3. The Individual Defendants Determined to Find the Limits of Well Spacing by Any Means Necessary"**

350.   Defendants lack knowledge or information sufficient to form a belief as to whether any of the purported former-employee statements in paragraph 350 were in fact made, and therefore deny the allegations.

351.   Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 351.

352.   Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 352.

353. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 353.

354. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 354.

355. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 355.

356. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 356.

357. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 357.

358. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-5 or a purported "former geologist," and therefore deny the allegations in paragraph 358.

359. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described in paragraph 359 were in fact made by FE-8 or FE-2, and therefore deny the allegations in paragraph 359.

**RESPONSE TO:  "4. The Individual Defendants Improperly Used Lower Risk Profiles Despite Repeated Warnings"**

360.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by former employees, and therefore deny the allegations in paragraph 360.

361.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 361.

362.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 362.

363.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 363.

364.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 364.

365.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 365.

366.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 366.

367.     Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 367.

368.     Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 368.

369.     Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 369.

370.     Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 370.

371.     Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 371.

372.     Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 372.

373.     Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 373.

374. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 374.

375. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 375.

376. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-2, and therefore deny the allegations in paragraph 376.

377. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 377 and accordingly deny them.

378. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-3, and therefore deny the allegations in paragraph 378.

379. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-3, and therefore deny the allegations in paragraph 379.

380. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-3, and therefore deny the allegations in paragraph 380.

381. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-3, and therefore deny the allegations in paragraph 381.

382.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-4, and therefore deny the allegations in paragraph 382.

383.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-4, and therefore deny the allegations in paragraph 383.

384.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-5, and therefore deny the allegations in paragraph 384.

385.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described in paragraph 385 were in fact made by FE-8, and therefore deny the allegations in paragraph 385.

**RESPONSE TO:  "5. The Individual Defendants Attended Weekly Status Meetings and Had Access to Real Time Data"**

386.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by former employees, and therefore deny the allegations in paragraph 386.

387.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 387.

388.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 388.

389.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 389.

390.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 390.

391.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 391.

392.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 392.

393.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 393.

394.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in paragraph 394.

395.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-3, and therefore deny the allegations in paragraph 395.

**RESPONSE TO: "VI.  CONTROL PERSON ALLEGATIONS"**

396.    The allegations in paragraph 396 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 396.

397.    Defendants admit the allegations in paragraph 397, as they pertain to the Class Period.

398.    Defendants admit that Harper was appointed Concho's President in May 2017 and remained in that role during the Class Period. Defendants admit the allegations in the second sentence of paragraph 398. The allegations in the third sentence of paragraph 398 are too vague and ambiguous to respond to and are therefore denied.

399.    Defendants admit that Giraud was appointed as Concho's Executive Vice President in May 2017 and served in that role during the Class Period. Defendants admit the allegations in the second sentence of paragraph 399. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by FE-1, and therefore deny the allegations in the third sentence of paragraph 399.

400.    The allegations in paragraph 400 do not require a response, given the Court's order dismissing Wright from the case.

401.    The allegations in paragraph 401 do not require a response, given the Court's order dismissing Schroer from the case.

402.    Defendants deny the allegations in paragraph 402, including its subparts (a) through (k).

403.    The allegations in paragraph 403 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 403.

404. Defendants deny the allegations in paragraph 404.

405. The allegations in paragraph 405 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 405.

**RESPONSE TO: "VII. LOSS CAUSATION"**

406. Defendants admit that Concho's common stock price reached $163.11 on May 2, 2018, but deny the remaining allegations in paragraph 406.

407. Defendants deny the allegations in paragraph 407.

408. Defendants admit that Concho's common stock price closed at or about $75.97 per share on August 1, 2019 and closed at or about $97.68 per share on July 31, 2019, but deny the remaining allegations in paragraph 408.

409. The allegations in paragraph 409 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 409.

410. The allegations in paragraph 410 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 410.

411. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 411, including its subparts (a) through (i), and accordingly deny them.

412. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 412, including its subparts (a) through (i), and accordingly deny them.

**RESPONSE TO: "VIII. PRESUMPTION OF RELIANCE"**

413.    The allegations in paragraph 413 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 413.

414.    The allegations in paragraph 414 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 414, including its subparts (a) through (e).

415.    The allegations in the first sentence of paragraph 415 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in the first sentence of paragraph 415 and respond to the remaining subparts as follows:

(a)    The allegations in subpart (a) of paragraph 415 include legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that Concho was listed and traded on the NYSE but deny the remaining allegations in subpart (a) of paragraph 415.

(b)    Defendants admit that Concho had 149,067,852 shares of common stock outstanding as of February 16, 2018, 200,594,232 shares of common stock outstanding as of February 15, 2019, and 196,705,121 shares of common stock outstanding as of February 14, 2020, but deny the remaining allegations in subpart (b) of paragraph 415 as too vague and ambiguous to respond to.

(c)    Defendants admit the allegations in subpart (c) of paragraph 415.

(d)    Defendants admit that Concho communicated with investors through SEC filings and other releases but deny the remaining allegations in subpart (d) of paragraph 415 as too vague and ambiguous for Defendants to respond to.

(e)    Defendants admit that certain securities analysts followed Concho during the Class Period but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in subpart (e) of paragraph 415 and accordingly deny them.

(f)    The allegations in subpart (f) of paragraph 415 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in subpart (f) of paragraph 415.

416.    The allegations in paragraph 416 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 416.

417.    The allegations in paragraph 417 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 417.

## RESPONSE TO: "IX.  INAPPLICABILITY OF THE STATUTORY SAFE HARBOR AND BESPEAKS CAUTION DOCTRINE"

418.    The allegations in paragraph 418 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 418.

## RESPONSE TO: "X.  CLASS ACTION ALLEGATIONS"

419.    The allegations in paragraph 419 include legal conclusions to which no response is required. To the extent that a response is required, with respect to the first sentence of paragraph 419, Defendants admit that Lead Plaintiffs purport to bring a class action as described in paragraph 419 but deny that Lead Plaintiffs are entitled to any relief. With respect to the second and third sentences of paragraph 419, Defendants admit that Lead Plaintiffs purport to

exclude certain persons affiliated with Concho from the putative class but deny that Lead Plaintiffs are entitled to any relief.

420.　The allegations in paragraph 420 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 420, including its subparts (a) through (f).

421.　The allegations in paragraph 421 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 421.

422.　The allegations in paragraph 422 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 422.

423.　The allegations in paragraph 423 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 423.

**RESPONSE TO:**
**COUNT I**

**For Violation of Section 10(b) of the Exchange Act**
**and Rule 10b-5 Against All Defendants**

424.　As paragraph 424 purports to reallege every preceding allegation in the CCAC, Defendants reassert every preceding answer in the foregoing paragraphs as if fully set forth herein.

425.　The allegations in paragraph 425 include legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that Lead Plaintiffs purport to bring a claim pursuant to Section 10(b) of the Exchange Act, and Rule 10b-5

95

promulgated thereunder, but deny that Defendants engaged in any wrongdoing that would entitle Lead Plaintiffs to any relief.

426. Defendants deny the allegations in paragraph 426.

427. The allegations in paragraph 427 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 427.

428. The allegations in paragraph 428 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 428.

429. The allegations in paragraph 429 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 429.

430. The allegations in paragraph 430 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 430.

431. The allegations in paragraph 431 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 431.

432. The allegations in paragraph 432 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 432.

433.     The allegations in paragraph 433 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 433.

434.     The allegations in paragraph 434 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 434.

## RESPONSE TO:
## COUNT II

### For Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

435.     As paragraph 435 purports to reallege every preceding allegation in the CCAC, Defendants reassert every preceding answer in the foregoing paragraphs as if fully set forth herein.

436.     The allegations in paragraph 436 include legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that Lead Plaintiffs purport to bring a claim pursuant to Section 20(a) of the Exchange Act but deny that Defendants engaged in any wrongdoing that would entitle Lead Plaintiffs to any relief.

437.     The allegations in paragraph 437 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 437.

438.     The allegations in paragraph 438 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 438.

439.     The allegations in paragraph 439 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 439.

440.     The allegations in paragraph 440 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 440.

**RESPONSE TO:  "PRAYER FOR RELIEF"**

The allegations in the Prayer For Relief section of the CCAC include legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that Lead Plaintiffs purport to seek class certification, damages, interest, attorneys' fees, expert fees, other costs, and equitable, injunctive, or other relief but deny that Lead Plaintiffs are entitled to the relief sought in the Prayer For Relief section. Defendants deny all remaining allegations in the Prayer For Relief section of the CCAC.

**RESPONSE TO:  "JURY DEMAND"**

The allegations in the Jury Demand section of the CCAC do not require a response.

**LIMITED GENERAL DENIAL**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants assert a general denial as to those allegations contained in the CCAC that are not clearly and specifically admitted above.

**ADDITIONAL DEFENSES**

1.     The CCAC fails to state a claim upon which relief can be granted.

2.     The CCAC fails to allege fraud with the requisite particularity.

3.     The challenged statements are inactionable statements of opinion, belief, and/or puffery.

4. Defendants are not liable to Lead Plaintiffs or members of the purported class because Defendants' statements were accurate in all material respects.

5. Lead Plaintiffs' claims are barred against Defendants, in whole or in part, because Defendants did not make any statements or omissions of material fact that they knew, or deliberately or recklessly disregarded, to be fraudulent or misleading.

6. Defendants are not liable to Lead Plaintiffs because Defendants' statements did not contain any misrepresentations or omissions.

7. Every act or omission alleged in the CCAC was in good faith and in conformity with state and federal securities laws and the rules and regulations promulgated by the Securities and Exchange Commission and other appropriate authorities.

8. The challenged statements or omissions are inactionable opinions made with genuine belief, with the basis that a reasonable investor would expect, and with true supporting facts. *See Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175 (2015).

9. Defendants are not liable to Lead Plaintiffs or members of the purported class because any alleged misstatements by Defendants contained sufficient cautionary language and risk disclosure.

10. Any alleged untrue statement of material fact, omissions of material fact, misleading statements, or other challenged statements made by Defendants are rendered inactionable by the Safe Harbor provisions of the Private Securities Litigation Reform Act.

11. Defendants at all times acted in good faith, without recklessness, without any intent to deceive, manipulate, or defraud Lead Plaintiffs, members of the purported class, or any other persons, without knowledge of or reckless disregard of any fraudulent scheme, and with a

reasonable and good faith belief in the accuracy and completeness of all representations and statements.

12.     Defendants are not liable to Lead Plaintiffs or members of the purported class to the extent that the alleged misstatements and omissions were not made in connection with the purchase or sale of any Concho securities by Lead Plaintiffs or members of the purported class.

13.     The alleged misrepresentations and omissions did not actually affect the stock's price, and the alleged corrective disclosures do not demonstrate any such price impact.

14.     Defendants are not liable to Lead Plaintiffs because Defendants did not act with the requisite scienter.

15.     The inference of scienter is not cogent and at least as compelling as any opposing inference of nonfraudulent intent.

16.     The claims of Lead Plaintiffs and members of the purported class are barred, in whole or in part, because the CCAC fails to demonstrate that any alleged act or omission of Defendants caused the loss for which Lead Plaintiffs and members of the purported class seek to recover damages (loss causation), as required by 15 U.S.C. § 78u-4(b)(4).

17.     Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because any alleged misstatements or omissions were immaterial.

18.     With regard to claims arising under Section 20(a) of the Exchange Act and regulations promulgated thereunder, the claims are barred because Lead Plaintiffs cannot establish the primary liability necessary to assert a claim for control person liability.

19.     Defendants alleged to be control persons under Section 20(a) of the Exchange Act acted in good faith and did not directly or indirectly induce any acts constituting the alleged violations and causes of action.

20.     In the event that a final judgment is rendered against any of the Defendants, each shall be liable solely for the portion of the judgment that corresponds to the percentage of its or his responsibility because it or he did not knowingly commit a violation of the federal securities laws.

21.     In the event Lead Plaintiffs recover damages, such damages shall be limited only to those losses caused by the alleged misstatements or omissions as opposed to other factors and/or market conditions. *See* 15 U.S.C. § 78u-4(e).

22.     Lead Plaintiffs and some or all members of the purported class cannot claim damages to the extent that they sold their securities at prices higher than the prices at which they purchased or acquired those securities.

23.     Lead Plaintiffs are not entitled to recover attorneys' fees, experts' fees, or other costs and expenses.

24.     Defendants give notice that they may rely upon other applicable defenses of which they may become aware during discovery in this case and reserve the right to amend this answer to assert any such defenses.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants respectfully request a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that this Court enter judgment that Lead Plaintiffs take nothing in this suit; that Lead Plaintiffs' claims be dismissed with prejudice; that all relief prayed for by Lead Plaintiffs be denied; that final judgment be entered in favor of Defendants; and that Defendants shall recover such other and further relief, both legal and equitable, to which they are entitled.

Dated:  August 11, 2023

Respectfully submitted,

BAKER BOTTS L.L.P.

By:  */s/ David D. Sterling*

David D. Sterling
  Attorney-In-Charge
State Bar No. 19170000
Federal I.D. No. 07079
Amy Pharr Hefley
State Bar No. 24046046
Anthony J. Lucisano
State Bar No. 24102118
Federal I.D. No. 3369146
C. Frank Mace
State Bar No. 24110609
Federal I.D. No. 3385915
910 Louisiana Street
Houston, Texas 77002
(713) 229-1946
(713) 229-7946 (Fax)
david.sterling@bakerbotts.com
amy.hefley@bakerbotts.com
anthony.lucisano@bakerbotts.com
frank.mace@bakerbotts.com

ATTORNEYS FOR DEFENDANTS
CONCHO RESOURCES INC., CONOCOPHILLIPS,
AS SUCCESSOR IN INTEREST TO CONCHO
RESOURCES INC., TIMOTHY LEACH, JACK F.
HARPER, AND C. WILLIAM GIRAUD

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of August, 2023, a true and correct copy of the foregoing was served by the Court's CM/ECF system on all counsel of record.

*/s/ Amy Pharr Hefley*
Amy Pharr Hefley

103