United States District Court
Southern District of Texas

**ENTERED**

January 10, 2024

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE CONCHO RESOURCES INC., SECURITIES LITIGATION | Civil Action No. 4:21-cv-02473<br><br>CLASS ACTION |

**PROTECTIVE ORDER**

1.  This Protective Order shall apply to information, documents, excerpts from documents, and other materials produced in this action pursuant to Federal Rules of Civil Procedure governing disclosure and discovery.

2.  Information, documents, and other materials may be designated by the producing party in the manner permitted ("the Designating Person"). All such information, documents, excerpts from documents, and other materials will constitute "Designated Material" under this Order. The designation shall be either (a) "CONFIDENTIAL" or (b) "CONFIDENTIAL-ATTORNEYS' EYES ONLY." This Order shall apply to Designated Material produced by any party or third-party in this action.

3.  "CONFIDENTIAL" information means information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy.

4.  "CONFIDENTIAL-ATTORNEY'S EYES ONLY" means CONFIDENTIAL information that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the designating party.

5.  Designated Material shall not be used or disclosed for any purpose other than the litigation of this action and may be disclosed only as follows:

    a.  *Parties*: Material designated "CONFIDENTIAL" may be disclosed to parties to this action or directors, officers, and employees of parties to this action, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement.

    b.  *Witnesses or Prospective Witnesses*: Designated Material, including material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to a witness or prospective witness in this action, but only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing, or deposition, but

it may not be retained by the witness or prospective witness. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing a document substantially in the form of Exhibit A.

c.   *Outside Experts*: Designated Material, including material designated "CONFIDENTIAL -ATTORNEYS' EYES ONLY," may be disclosed to an outside expert for the purpose of obtaining the expert's assistance in the litigation. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing a document substantially in the form of Exhibit A.

d.   *Counsel*: Designated Material, including material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to outside counsel and in-house counsel for parties to this action and their associates, paralegals, and regularly employed office staff.

e.   *Author or Custodian:* Designated Material, including material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to any person indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document (or indicated as a blind copy recipient in such document/communication's metadata); any person indicated as the custodian of the document/communication in corresponding metadata or as confirmed by the Designating Person; or, in the case of meeting minutes and presentations, an attendee of the meeting.

f.   *Court*: Designated Material, including material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclose to the Court in this action and its personnel, any appellate court in the action, and jurors.

g.   *Court Reporters*: Material, including material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclose to court reporters, stenographers, or video operators who record or transcribe depositions or testimony in the action.

h.   *Special Masters or Mediators*: Designated Materials, including material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to any non-party special master or mediator retained by the parties for settlement purposes or resolution of discovery disputes or mediation. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing a document substantially in the form of Exhibit A.

i.   *Other Persons*: Designated Material may be provided as necessary to copying services, translators, and litigation support firms. Before Designated Material is disclosed to such third parties, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

6.   Prior to disclosing or displaying any Designated Material to any person, counsel shall:

a.    Inform the person of the confidential nature of the Designated Material; and

b.    Inform the person that this Court has enjoined the use of the Designated Material by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

7.    The confidential information may be displayed to and discussed with the persons identified in Paragraphs 5(b), (c), (h), and (h) only on the condition that, prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A.  In the event such person refuses to sign an agreement in substantially the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from the Court.

8.    A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to persons permitted such access under this Order. The receiving party must store any Designated Material in password-protected or encrypted form.

9.    Counsel shall maintain a collection of all signed documents by which persons have agreed to be bound by this Order.

10.    Documents shall be designated by stamping or otherwise marking the documents with the words "CONFIDENTIAL" or "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY" thus clearly identifying the category of Designated Material for which protection is sought under the terms of this Order.  Designated Material not reduced to documentary form shall be designated by the producing party in a reasonably equivalent way.

11.    The parties will use reasonable care to avoid designating as confidential documents or information that does not need to be designated as such.

12.    A party may add "CONFIDENTIAL" or "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY" designations to information produced without such designations by third- and non-parties by notifying both the producing person and all other parties of the claim of confidentiality at the same time and within 45 days of the date the materials were first produced.

13.    A party may submit a request in writing to the party who produced Designated Material that the designation be modified or withdrawn.  If the Designating Person does not agree to the redesignation within fifteen business days, the objecting party may apply to the Court for relief.  Upon any such application, the burden shall be on the Designating Person to show why the designation is proper.  Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Person in an effort to resolve the matter.

14.    Deposition transcripts or portions thereof may be designated either (a) when the testimony is recorded, or (b) by written notice to all counsel of record, given within ten business days after the Designating Person's receipt of the final transcript in which case all counsel receiving such notice shall be responsible for marking the copies of the designated

3

transcript or portion thereof in their possession or control as directed by the Designating Person. Pending expiration of the ten business days, the deposition transcript shall be treated as designated. When testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 5 of this Order. Any party may mark Designated Material as a deposition exhibit, provided the deposition witness is one to whom the exhibit may be disclosed under paragraph 5 of this Order and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

15. Any Designated Material which becomes part of an official judicial proceeding or which is filed with the Court is public. Such Designated Material will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such Designated Material. If it becomes necessary to file Designated Material with the Court, a party must contemporaneously move to file the Designated Material under seal.

16. Filing pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material. The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate.

17. Upon final termination of this action, all Designated Material and copies thereof shall be returned promptly (and in no event later than ninety (90) days after entry of final judgment), returned to the producing party, or certified as destroyed to counsel of record for the party that produced the Designated Material. Alternatively, the receiving party shall provide to the Designating Person a certification that all such materials have been destroyed.

18. Inadvertent production of confidential material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time.

19. Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver. If a Designating Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Designating Party will promptly notify each receiving party in writing of the inadvertent production. When a party receives notice of such inadvertent production, it shall return, destroy, or, if challenging the claim of immunity or privilege, sequester all copies of inadvertently produced material within three business days. Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. In connection with any such challenge, the Receiving Party may request that a copy of the inadvertently produced materials be submitted to the Court for *in camera* review. The Designating Party bears the burden of establishing the privileged nature of any inadvertently produced information or material. Each receiving party shall

4

refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court. Notwithstanding the foregoing, a receiving party may use the inadvertently produced information or materials to respond to a motion by the Designating Party seeking return or destruction of such information or materials. If a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, Counsel for the receiving party shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the Designating Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Designating Party, and (v) comport themselves with the applicable provisions of the Rules of Professional Conduct.

20.    Nothing contained in this Order shall preclude any party from using or disclosing its own Designated Material in any manner, without prior consent of any party or Court.

21.    The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Designated Material; or to object to the production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or for modification of this Order; or to seek any other relief from the Court.

22.    The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

IT IS SO ORDERED,

1/10/24
DATE

_____
UNITED STATES DISTRICT JUDGE

AGREED AND TO FORM AND CONTENT:

*/s/ Alfred L. Fatale III (by permission)*
LABATON SUCHAROW LLP
Alfred L. Fatale III
(*pro hac vice*)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
afatale@labaton.com

**Counsel for Lead Plaintiffs**

5

*/s/ David D. Sterling*
BAKER BOTTS L.L.P.
David D. Sterling, Attorney-in-Charge
State Bar No. 19170000
Federal I.D. No. 07079
Amy Pharr Hefley
State Bar No. 24046046
Anthony J. Lucisano
State Bar No. 24102118
Federal I.D. No. 3369146
C. Frank Mace
State Bar No. 24110609
Federal I.D. No. 3385915
910 Louisiana Street
Houston, Texas 77002
Telephone: (713) 229-1946
Fax: (713) 229-7946
david.sterling@bakerbotts.com
amy.hefley@bakerbotts.com
anthony.lucisano@bakerbotts.com
frank.mace@bakerbotts.com

**Counsel for Defendants**

*/s/ Michael C. Holmes*
Michael C. Holmes
Texas Bar No. 24002307
Southern District Bar No. 23716
Robert Ritchie
Texas Bar No. 24079213
Southern District Bar No. 3089959
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Telephone: 214.220.7823
Facsimile: 214.999.7823
mholmes@velaw.com
rritchie@velaw.com

**Co-Counsel for Defendants**
**Timothy Leach and C. William Giraud**

6

## EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled _____ _____ have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____ DATED: _____