

**Alfred L. Fatale III**
**Partner**
**Labaton Keller Sucharow LLP**
140 Broadway
New York, New York 10005
212 907 0884
afatale@labaton.com

October 21, 2024

**VIA E-FILING**

Hon. Andrew S. Hanen
United States District Court
515 Rusk Street, Room 9110
Houston, TX 77002

RE:     *In re Concho Resources Inc., Sec. Litig.*, No. 4:21-cv-02473 (S.D. Tex.)

Dear Judge Hanen:

We write on behalf on Lead Plaintiffs in response to Defendants' four-page Notice of Supplemental Authority (ECF No. 95) discussing out-of-circuit rulings from *Shupe, et al. v. Rocket Companies, Inc., et al*., No. 1:21-cv-11528 (E.D. Mich.) ("*Rocket*"). Defendants' efforts to force a superficial comparison between *Rocket* and this action are a smokescreen and *Rocket*'s holdings are inapposite to Lead Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 54) and Motion to Exclude Opinions and Testimony of Expert Lucy P. Allen (ECF No. 85). Rather than engage with Defendants' sophistry when there have already been 160 pages of briefing on these issues and the Court is in the process of scheduling a hearing on both motions, we simply highlight the following critical differences between *Rocket* and this case.

**First**, unlike in *Rocket*, Defendants have already <u>expressly conceded</u> price impact for 18 of the alleged misstatements, and Lead Plaintiffs' Motion for Class Certification therefore *cannot be denied* on price-impact grounds. *See* Defendants' Class Cert. Opp. at 7 n. 1 (ECF No. 68); Lead Plaintiffs' Class Cert. Reply at 5 and n. 9 (ECF No. 80).

**Second**, in this case Defendants have further conceded any generic-specific mismatch argument for nearly all the alleged misstatements—including all the statements in Categories B, C, and D—by raising that argument only for the Category A misstatements. *See* Class Cert. Opp. at 14; Class Cert. Reply at 10-11. And unlike in *Rocket*, analyst commentary following Concho's corrective disclosure discussed the very topics of the alleged fraud. *See* Coffman Rebuttal Report at 9-11 (ECF. No. 85-17).

**Third**, Defendants' effort to equate Dr. Starks' analysis in *Rocket* with Ms. Allen's analysis is nonsense because: (i) Defendants continue to ignore the legal standard in this Circuit, which

 New York | Delaware | London | Washington, D.C.



October 21, 2024
Page 2

requires only that later disclosures be "relevant" or "related" to the alleged misstatements, and that Ms. Allen applied entirely the wrong standard by considering only what the reports "referenced" (Motion to Exclude at 11, Motion to Exclude Reply at 3-4 (ECF No. 91)); (ii) Ms. Allen's analysis is rife with errors with no parallels in Dr. Stark's report, including a disclosure violation and a repeated material mistake (Motion to Exclude at 17-20); (iii) Ms. Allen's study was entirely designed by counsel, and Ms. Allen did not even have a clear understanding of key terms in the questions counsel composed (Motion to Exclude at 4, 8-13); (iv) Ms. Allen's "mismatch analysis" has no support in the literature or case law (Motion to Exclude at 14); and (v) Ms. Allen issued improper *legal* opinions (Motion to Exclude at 13-16).

Lead Counsel is prepared to discuss these and other distinguishing features of the erroneous, out-of-circuit *Rocket* decision at the anticipated hearing on Lead Plaintiffs' motions.

Respectfully submitted,

Alfred L. Fatale III

cc: All counsel of record