IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

```
_____
CITY OF WARWICK RETIREMENT SYSTEM,     )
Individually and on Behalf of All      )
Others Similarly Situated,             )        CIVIL ACTION NO.
                                       )        4:21-CV-02473
            Plaintiffs,                )
                                       )
VS.                                    )
                                       )
CONCHO RESOURCES INC., CONOCOPHILLIPS  )
(SUCCESSOR-IN-INTEREST TO CONCHO       )
RESOURCES INC.), TIMOTHY A. LEACH,     )
JACK F. HARPER, C. WILLIAM GIRAUD,     )
BRENDA R. SCHROER, and E. JOSEPH       )
WRIGHT,                                )        10:00 A.M.
                                       )
            Defendants.                )
_____)
```

MOTION HEARING
BEFORE THE HONORABLE ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE
OCTOBER 10, 2024

**APPEARANCES**:


**FOR PLAINTIFFS**:
CHARLES WOOD
Labaton Keller Sucharow, LLP
140 Broadway
34th Floor
New York, New York 10005
212-907-0700

ALFRED L. FATALE, III
Labaton Keller Sucharow, LLP
140 Broadway
34th Floor
New York, New York 10005
212-907-0700

Appearances Continued:

MURRAY J. FOGLER
Fogler, Brar, O'Neil & Gray, LLP
909 Fannin Street
Suite 1640
2 Houston Center
Houston, Texas 77002
713-481-1010

**FOR THE DEFENDANTS:**
AMY P. HEFLEY
Baker Botts, LLP
910 Louisiana Street
Houston, Texas 77002
713-229-1270

ANTHONY J. LUCISANO
Baker Botts, LLP
910 Louisiana Street
Houston, Texas 77002
713-229-1957

ROBERT P. RITCHIE
Vinson & Elkins, LLP
Trammell Crow Center
2001 Ross Avenue
Suite 3700
Dallas, Texas 75201
214-220-7823

GRAHAM P. CARNEY
Vinson & Elkins, LLP
Trammell Crow Center
2001 Ross Avenue
Suite 3900
Dallas, Texas 75201
214-999-7711

**COURT REPORTER:**
Monica Walker-Bailey, RPR, CSR
Official Court Reporter
515 Rusk Street
Suite 8004
Houston, Texas 77002
713-250-5087

Proceedings recorded by mechanical stenography, transcript produced by computer-aided transcription.

## PROCEEDINGS

**THE COURT:** Be seated. All right. We're here in *City of Warwick v. Concho*, 21-cv-2473.

Who do I have here for the plaintiffs?

**MR. WOOD:** Good morning, Your Honor. You have Charles Wood, and my colleagues Al Fatale and Murray Fogler on behalf of plaintiffs.

**THE COURT:** Mr. Fogler, welcome to the party.

**MR. FOGLER:** Thank you, Your Honor.

**THE COURT:** All right. And for the defendants?

**MS. HEFLEY:** Good morning, Your Honor. Amy Hefley and Anthony Lucisano for the defendants. We also have Robert Ritchie and Graham Carney for the other defendants in the case.

**THE COURT:** Okay. This was going to be -- as y'all know, it's scheduled for the -- I was going to let you argue the class certification motion. And I don't know which side, or both sides, contacted the Court and said, we're not quite ready for that; we have a couple of discovery matters. So, this has now become a discovery hearing, not a class certification hearing.

And, Mr. Wood, you want to share or at least set the stage with the issues that we need to resolve?

**MR. WOOD:** Of course. May I approach?

**THE COURT:** Yes.

**MR. WOOD:** Good morning, Your Honor. Thank you, again, for having us. It feels like it was just yesterday it

**PROCEEDINGS**

was April.  What we have today are what I feel, my colleagues feel the same way, two relatively routine discovery matters.  We are seeking an extension of the schedule to the close of fact discovery.  And we are seeking additional depositions on top of the threshold ten envisioned by the Federal Rules.  I'm going to the -- my first argument, the timing of the productions in this case.  Since we were last here in April, we've received around 75 percent of defendant's total production, around 150 documents, in August and then on the substantial completion deadline in September.  We currently have a team of ten attorneys reviewing these documents.  We have a team of consulting experts reviewing these documents.  But given the clip on how these documents are being reviewed, we need more time to cut through our review of these documents.  I would envision it would take us two to three months to finish our review, and then we would require, obviously, several months to prepare for and take depositions.  Our intent was never to bring this issue before the Court.  We approached defendants asking them for an extension of six months.  They countered with one, which is untenable.  We offered a best and final three, and that didn't work for them, hence, filing our premotion conference letter.

Now, the timing of this production is especially troublesome.  I see a production of 100,000 documents right on the substantial completion deadline.  I think, why weren't

**PROCEEDINGS**

90,000 of those documents produced earlier?  Now, defense counsel is going to say why didn't we take depositions prior to substantial completion, prior to completion of fact discovery.  The issue is we don't take depositions of a fact witness without reviewing their documents.  Similar to the way that they didn't want to review documents until we resolved the scope issue to avoid duplicative or wasted effort, we don't want to have to take depositions without seeing the universe of documents without calling someone back in.  And further to that point, we only received our first email communications in July, a production of around 20,000 documents, with the bulk of those then being produced much closer to substantial completion.  So the fact of the matter is we have a backloaded production.  We need about two to three months to finish our review of it, and then we still need to take depositions.  We've never had any indication of when the production is complete on a custodian by custodian basis.  And that's the genesis of this request.  This is not our second, third request for more time.  We simply want an extension of fact discovery to finish reviewing these documents, and then take depositions on a fully informed basis with all documents having been reviewed.

          **THE COURT:**  Okay.  And I'm assuming the depositions you're talking about are merit-based --

          **MR. WOOD:**  Yes.

          **THE COURT:**  -- as opposed to affecting whether or not

**PROCEEDINGS**

I certify class.

MR. WOOD: Yes, these are all factual depositions to hopefully prove our case at summary judgment and beyond.

THE COURT: Okay.

Ms. Hefley, you want to respond?

MS. HEFLEY: Yes, please, Your Honor. Thank you. We obviously oppose a six-month extension of the schedule. We think that is completely unnecessary given where we are. I want to correct the record a little bit about the timing of production. Your Honor will remember we are here in April. And in April, we had a dispute over the scope of what we would produce, whether it would be Dominator well files or well files for other wells. Your Honor at that hearing said, you guys should produce first all of the Dominator data, and then the plaintiffs could come back to you if they need more information about other wells that they don't find in that data. So on May 24th, we produced 1.4M pages of Dominator-related well information, as well as for other wells. After that, we made rolling productions over the summer. We had one on July 19th of another 273,000 pages. In August, August 6th, that was our biggest production, that was 94,000 documents, half a million pages. That was a month before substantial completion. That 90,000-page -- or 90,000-document production I think they may have misspoken about when that was made, but that was a month before substantial completion. On September 5th, we hit the

PROCEEDINGS

substantial completion deadline, produced 51,000 documents, another half a million pages. So from our perspective, we have been substantially complete since September. Always from the beginning of this case when the schedule was entered until now, the contemplation under the schedule was the substantial complete, we would produce a privilege log a month later, and fact discovery would close after that. In the current scheduling order, it's December 23rd. Originally, the plaintiffs had asked for 90 days after the privilege log was served for fact discovery to end. That would only put us at January. And so that's why we felt that the 39-day extension we were offering through the end of January was more than sufficient for this case. At this point, we are done producing documents. We may have a small cleanup production to do, and I'm talking, you know, less than a hundred documents in response to some recent interrogatories they've served and the request that we add another document custodian. But for all purposes here, we're done with the production. And they should have spent this summer, as they told the Court they would do, having their expert look at the technical data that we produced back in May to be able to make decisions about starting depositions. At our April hearing, Your Honor suggested that maybe a good thing to do would be to take a deposition so they could get the lay of the land, understand how things work. They chose not to do that. And, instead, it was only after asking for a six-month

PROCEEDINGS

extension that they then, I guess last week, filed a letter with the Court saying, oh, well, now we need 20 depositions instead of ten. We feel like that's just an effort to justify a very belated request for an excessive extension. We would request that Your Honor not extend the fact discovery past the end of January. Let's get going on depositions, wrap up the ten. And I'm happy to have Mr. Lucisano talk more specifically about the depositions, but we believe that under the Federal Rules and the prevailing case law, what should happen is the plaintiffs should start taking depositions and then, and only then, if they can justify a need for exceeding the ten depositions in this case, would they be able to ask Your Honor for more depositions. I just don't see that being likely given the deponents they've identified so far. And the fact that they plan to take an extensive 30(b)(6) deposition, we think they're actually going to have what they need within the ten deposition limit. But we're certainly not at a point yet where they can justify any more than ten, much less 20 or more. And we have other securities cases --

THE COURT: I'm sorry. I didn't hear that.

MS. HEFLEY: We have other securities cases that we can refer Your Honor to where the ten deposition limit was held. And those were the only depositions that were taken in the case. So, we don't think that the fact that this is a securities case suggests that that limit should be exceeded.

**PROCEEDINGS**

**THE COURT:** Okay.

**MS. HEFLEY:** Thank you.

**MR. WOOD:** May I respond, Your Honor?

**THE COURT:** Go ahead. Yes.

Let me ask factually. With regard to the depositions, I mean, you want ten more, but I mean if you actually sat down and said, okay, we want Bob Jones and Ted Smith -- I mean, have you started counting these people up to see who you want or are we just saying, I want 20?

**MR. WOOD:** Your Honor, we have a list of 20. We have them in priority. If today Your Honor said what about 15, we could submit defendants a list of 15 directly after this hearing. These are people who were identified. We have a chart of potential deponents. We have spoken to defendants about them, given them the sources of responsive information we think each person has. This isn't a pie in the sky number or we're just making up numbers.

To respond to what Ms. Hefley said. When we originally put this schedule in, some of it is sight unseen. We weren't anticipating that 75 percent of their production would have been produced two months ago. These are highly technical documents. We've had an expert reviewing these documents since May, since the May production, an expert and his team. This has caused, you know, countless hours. I believe thus far the expert has billed over 400,000 worth of -- $400,000 worth of

**PROCEEDINGS**

hours.  We have not rested one day on this case.  And a schedule agreed to prior to a single document being produced, I don't believe that we could be faulted for not predicting that documents would all be produced at the very end.

As far as not taking a deposition, we noticed a 30(b)(6) deposition quite soon after the April hearing.  In lieu of taking the deposition, we received sworn statements from defendants.  And we received other information that we needed through other discovery devices, such as interrogatories, those same devices that led us to believe that we need more than ten depositions.  Our portfolio-wide allegations, defendants have revealed dozens of large scale multi-well projects, many of them with problematic well spacing based off of documents reviewed to date, our expert's review, and defendants' own post-class period admissions.  Concho is a large company throughout the entire Permian Basin with many operational segments.  Because of those operational segments and the problematic projects that we've identified throughout this entire asset base, we want to depose people to get a picture of the full asset base, which we don't believe is possible with ten depositions.  But, as I've said, it's not an arbitrary number.  It is 20 people we've identified, and we have them in an order of priority.  So if at any point Your Honor wishes to split the baby, we are prepared to do so.

**THE COURT:**  Now, can we go forward -- and this is a question for both of you.  Can you we go forward on the merits

**PROCEEDINGS**

and on the class certification?  I mean, do we have to -- is there more work to be done on the class certification, I guess is my question?

**MS. HEFLEY:**  I'll approach if this microphone works as well, so you could hear me for the record.

**THE COURT:**  We're not sure anything works.  They just redid it.

**MS. HEFLEY:**  I remember last time it was important to be at a microphone.

**THE COURT:**  Well, they've actually so-called fixed it two weeks ago, and none of our portable mics work since they fixed it, so we'll find out.  We're starting a trial next week. We'll find out if anything works.

Go ahead.

**MS. HEFLEY:**  Your Honor, from our perspective, the class certification is completely briefed.  And the plaintiffs chose to spend time on a Daubert motion that we were sort of surprised that they chose to spend time on and filed.  But we are ready to have the class certification hearing, the evidentiary hearing with Your Honor, and have our expert down here to deal both with class certification and the Daubert motion.  We believe that can happen while depositions are going. We're ready to start depositions.  If the plaintiffs want to give us their preliminary list, let's knock them out.

**MR. FATALE:**  Hi, Your Honor.  I was prepared to talk

**PROCEEDINGS**

about the class discovery and hearing.

THE COURT: Yeah. Well, I'm trying to figure out what else we need.

MR. FATALE: Yeah. Your Honor, my name is Al Fatale. I'm also from Labaton. We also agree discovery is complete on class certification. It's fully briefed. Defendants have asked for an evidentiary hearing. I don't believe one is necessary under Rule 23 or under Rule 43(c). You have a voluminous record in front of you; nevertheless, we're prepared to go forward with either a hearing on the law or if you wanted to hear live testimony from the experts, we'll bring our expert as well; however, we want to structure that, but we should talk about how we want to structure a hearing on class certification.

THE COURT: Well, here's what I'm probably going to do on that. I want to go ahead and get it done. And what I'll do is probably have Rhonda send you out like three or four dates and let y'all agree on a date because I'd like to get it where I'm not pinning myself in like -- today would have turned out I am -- I would have pinned myself in right before a trial. So, I'd like to, you know, hear whatever evidence you want to present and hear the arguments and have time to rule, you know, without dragging it out for another three or four months. So, let me do that, and y'all pick a date, you know, that -- I'll give you three or four dates that already are good with me, and then y'all pick one that you think works the best for y'all.

**PROCEEDINGS**

**MS. HEFLEY:** That's great. And, Your Honor, if I might suggest, in the last class certification hearing we had in Judge Edison's court, he had the experts submit their direct and written statements in advance to the Court so that the Court's time at the evidentiary hearing could be spent on cross examination. I'm happy to do that. I think it streamlines things.

**THE COURT:** Does that work for you?

**MR. FATALE:** No objection, Your Honor.

**THE COURT:** All right let's do that.

**MS. HEFLEY:** Okay.

**MR. FATALE:** Always looking to save the Court's time.

**THE COURT:** Let's do it that way.

I mean, I think I know what they're going to say anyway, at least on direct, so...

**MS. HEFLEY:** Right.

And then, Your Honor, if I might revisit the issue of depositions. You know, they say they've narrowed down who they want and identified 20 people. But when you look at it, several of those people are, this person who reported to this person who reported to this person who reported to this person, and they want to depose all four. And as Your Honor knows, the issues in this case are simply whether the challenged statements, the very specific statements, were either false and misleadingly made and made with scienter. So, the real issue is around the individual

PROCEEDINGS

defendants, the speaking defendants in sort of what they knew, and we just don't think you need to go four levels down.

THE COURT: Well, here's what I'm -- here's what I'm going to do. I'm sitting here -- not that I was ignoring what you were saying, but I was looking at your scheduling order and trying to figure out what makes sense. I'm going to bump everything four months. And by the way I look at it, that puts the deadline for your Dauberts right at the end of 2025. And I'm going to allow right now the 15 depositions. Now, if the plaintiffs come -- if you come back, or the defendants if they need discovery, with someone specific and say, Your Honor, we've exhausted our 15 that you gave us, but we need this guy, and this is the guy we need because, and give me a good specific reason, I may, you know, let you go take that guy's deposition. But prioritize because I think Ms. Hefley makes a good point that you don't need all four in the chain, but I also note you may not know which one in the chain knows the info that you need. And you may take, you know, number two in the chain and find out he's not the guy; it's the guy at the bottom that knows all the stuff or the guy at the top that made the statement.

MR. WOOD: Thank you, Your Honor.

THE COURT: So, I'm not -- I'm not saying don't come back, but I am saying don't come back without something very specific and, you know, with a good reason why we need it.

MR. WOOD: Come back with the goods you're saying.

**PROCEEDINGS**

**THE COURT:** Yeah. Exactly. And I know why now you may not know the goods because you're not through the documents yet. And I don't -- I don't see anything -- I know everybody tries to throw a little bit of shade on the other side when they're arguing, but, I mean, I don't see anything nefarious in the fact that they got the documents all at the back end. But I also don't see anything nefarious on your side that, okay, now that we got it on the back end, we need more time to look at them. All right.

**MS. HEFLEY:** And just for clarity on the dates that are going to move, I think it would start with just the fact-discovery cutoff since we're done with all of the dates up to that point.

**THE COURT:** Yes, I was taking everything from there down.

**MS. HEFLEY:** Okay.

**MR. WOOD:** Would it be helpful if we submitted a new schedule?

**THE COURT:** It probably would so both sides -- that later on, you know, three months from now, we're not going to have an argument over, well, we thought you meant X or Y. So, yeah, if you submit an agreed one and I'll sign it.

**MR. WOOD:** Understood, Your Honor.

**THE COURT:** But, you know, I appreciate how much y'all have been working together to get this done, and I realize it's

**PROCEEDINGS**

a lot of work.  But I would like to get the class certification done.  You'll be glad to know that one of the three boxes I took on my vacation was the class certification briefs.

MR. FATALE:  We're very sorry, Your Honor.

THE COURT:  You know -- but I had a better view when I was reading them than I would in my office.

MS. HEFLEY:  It makes it better reading.

THE COURT:  All right.  Is anything else we could get resolved?

MR. WOOD:  Nothing from me at this time, Your Honor.

MS. HEFLEY:  Nothing for us, Your Honor.  Thank you.

THE COURT:  All right.  Thank y'all.

MR. WOOD:  Thank you.

(Whereupon, the Court adjourned at 10:26 a.m.)

* * * *

I certify that the foregoing is a correct transcript from the record of proceedings in the above matter.

Date:  October 14, 2024

/S/ Monica Walker-Bailey, MS, RPR, CSR
Signature of Court Reporter

MR. FATALE: [5]  11/25 12/4 13/9 13/12 16/4
MR. FOGLER: [1]  3/8
MR. WOOD: [13]  3/4 3/22 3/24 5/24 6/2 9/3 9/10 14/21 14/25 15/17 15/23 16/10 16/13
MS. HEFLEY: [14]  3/10 6/6 8/21 9/2 11/4 11/8 11/15 13/1 13/11 13/16 15/10 15/16 16/7 16/11
THE COURT: [28]

**$**

$400,000 [1]  9/25

**/**

/S [1]  16/19

**0**

02473 [1]  1/5
0700 [2]  1/21 1/25

**1**

1.4M [1]  6/17
10 [1]  1/15
100,000 [1]  4/24
10005 [2]  1/21 1/24
1010 [1]  2/5
10:00 [1]  1/10
10:26 a.m [1]  16/14
1270 [1]  2/8
14 [1]  16/18
140 [2]  1/20 1/23
15 [4]  9/11 9/12 14/9 14/12
150 [1]  4/8
1640 [1]  2/3
1957 [1]  2/11
19th [1]  6/19

**2**

20 [6]  8/2 8/18 9/9 9/10 10/21 13/19
20,000 [1]  5/11

2001 [2]  2/14 2/18
2024 [2]  1/15 16/18
2025 [1]  14/8
21-cv-2473 [1]  3/2
212-907-0700 [2]  1/21 1/25
214-220-7823 [1]  2/15
214-999-7711 [1]  2/19
23 [1]  12/8
23rd [1]  7/8
2473 [1]  3/2
24th [1]  6/17
273,000 [1]  6/20

**3**

30 [2]  8/15 10/6
34th [2]  1/20 1/24
3700 [1]  2/14
39-day [1]  7/11
3900 [1]  2/18

**4**

400,000 [1]  9/25
43 [1]  12/8
4:21-CV-02473 [1]  1/5

**5**

5087 [1]  2/23
51,000 [1]  7/1
515 [1]  2/22
5th [1]  6/25

**6**

6th [1]  6/20

**7**

713-229-1270 [1]  2/8
713-229-1957 [1]  2/11
713-250-5087 [1]  2/23
713-481-1010 [1]  2/5
75 percent [2]  4/8 9/20
75201 [2]  2/15 2/19
77002 [4]  2/4 2/8 2/11 2/23
7711 [1]  2/19
7823 [1]  2/15

**8**

8004 [1]  2/22

**9**

90 [1]  7/9
90,000 [1]  5/1
90,000-document [1]  6/23
90,000-page [1]  6/23
909 [1]  2/3
910 [2]  2/7 2/10
94,000 [1]  6/21

**A**

a.m [2]  1/10 16/14
able [2]  7/21 8/12
above [1]  16/17
ACTION [1]  1/4
actually [3]  8/15 9/6 11/10
add [1]  7/17
additional [1]  4/4
adjourned [1]  16/14
admissions [1]  10/15
advance [1]  13/4
affecting [1]  5/25
after [6]  6/18 7/7 7/9 7/25 9/12 10/6
again [1]  3/25
ago [2]  9/21 11/11
agree [2]  12/5 12/17
agreed [2]  10/2 15/22
ahead [3]  9/4 11/14 12/15
aided [1]  2/25
Al [2]  3/5 12/4
ALFRED [1]  1/22
allegations [1]  10/11
allow [1]  14/9
already [1]  12/24
Always [2]  7/3 13/12
AMY [2]  2/6 3/10
ANDREW [1]  1/14
another [4]  6/20 7/2 7/17 12/22
ANTHONY [2]  2/9 3/11
anticipating [1]  9/20
anything [6]  11/6 11/13

## A

**anything... [4]** 15/3 15/5 15/7 16/8
**anyway [1]** 13/15
**APPEARANCES [2]** 1/17 2/1
**appreciate [1]** 15/24
**approach [2]** 3/22 11/4
**approached [1]** 4/18
**April [6]** 4/1 4/7 6/10 6/11 7/22 10/6
**arbitrary [1]** 10/21
**argue [1]** 3/14
**arguing [1]** 15/5
**argument [2]** 4/6 15/21
**arguments [1]** 12/21
**around [4]** 4/7 4/8 5/11 13/25
**ask [2]** 8/12 9/5
**asked [2]** 7/9 12/6
**asking [2]** 4/18 7/25
**asset [2]** 10/18 10/19
**assuming [1]** 5/22
**attorneys [1]** 4/11
**August [3]** 4/9 6/20 6/20
**August 6th [1]** 6/20
**Avenue [2]** 2/14 2/18
**avoid [1]** 5/7

## B

**baby [1]** 10/23
**back [9]** 5/9 6/15 7/20 14/10 14/23 14/23 14/25 15/6 15/8
**backloaded [1]** 5/13
**Bailey [2]** 2/21 16/19
**Baker [2]** 2/7 2/10
**base [2]** 10/18 10/19
**based [2]** 5/23 10/13
**Basin [1]** 10/16
**basis [2]** 5/17 5/20
**become [1]** 3/18
**been [4]** 5/21 7/3 9/21 15/25
**before [5]** 1/14 4/18 6/22 6/25 12/19

**beginning [1]** 7/4
**behalf [2]** 1/4 3/5
**being [4]** 4/13 5/12 8/13 10/2
**belated [1]** 8/4
**believe [7]** 8/8 9/24 10/3 10/10 10/20 11/22 12/7
**best [2]** 4/20 12/25
**better [2]** 16/5 16/7
**beyond [1]** 6/3
**biggest [1]** 6/21
**billed [1]** 9/25
**bit [2]** 6/9 15/4
**Bob [1]** 9/7
**both [4]** 3/16 10/25 11/21 15/19
**bottom [1]** 14/19
**Botts [2]** 2/7 2/10
**boxes [1]** 16/2
**Brar [1]** 2/2
**BRENDA [1]** 1/9
**briefed [2]** 11/16 12/6
**briefs [1]** 16/3
**bring [2]** 4/17 12/11
**Broadway [2]** 1/20 1/23
**bulk [1]** 5/11
**bump [1]** 14/6

## C

**called [1]** 11/10
**calling [1]** 5/9
**CARNEY [2]** 2/16 3/12
**case [11]** 3/12 4/7 6/3 7/4 7/13 8/9 8/11 8/23 8/24 10/1 13/23
**cases [2]** 8/19 8/21
**caused [1]** 9/24
**Center [3]** 2/4 2/13 2/17
**certainly [1]** 8/17
**certification [12]** 3/15 3/18 11/1 11/2 11/16 11/19 11/21 12/6 12/13 13/2 16/1 16/3
**certify [2]** 6/1 16/16
**chain [3]** 14/16 14/17 14/18
**challenged [1]** 13/23

**CHARLES [2]** 1/19 3/4
**chart [1]** 9/13
**chose [3]** 7/24 11/17 11/18
**CITY [2]** 1/3 3/1
**CIVIL [1]** 1/4
**clarity [1]** 15/10
**class [15]** 3/15 3/18 6/1 10/14 11/1 11/2 11/16 11/19 11/21 12/1 12/6 12/13 13/2 16/1 16/3
**cleanup [1]** 7/14
**clip [1]** 4/13
**close [2]** 4/3 7/7
**closer [1]** 5/12
**colleagues [2]** 3/5 4/1
**come [6]** 6/15 14/10 14/10 14/22 14/23 14/25
**communications [1]** 5/10
**company [1]** 10/15
**complete [4]** 5/16 7/3 7/6 12/5
**completely [2]** 6/8 11/16
**completion [8]** 4/9 4/25 5/3 5/3 5/12 6/22 6/25 7/1
**computer [1]** 2/25
**computer-aided [1]** 2/25
**CONCHO [4]** 1/7 1/8 3/2 10/15
**conference [1]** 4/21
**CONOCOPHILLIPS [1]** 1/7
**consulting [1]** 4/12
**contacted [1]** 3/16
**contemplation [1]** 7/5
**Continued [1]** 2/1
**correct [2]** 6/9 16/16
**could [7]** 6/15 7/23 9/12 10/3 11/5 13/5 16/8
**counsel [1]** 5/2
**countered [1]** 4/19
**counting [1]** 9/8
**countless [1]** 9/24
**couple [1]** 3/17
**course [1]** 3/22

**court [11]**  1/1 2/20 2/21 3/16 4/18 7/19 8/2 13/3 13/4 16/14 16/20
**Court's [2]**  13/4 13/12
**cross [1]**  13/5
**Crow [2]**  2/13 2/17
**CSR [2]**  2/21 16/19
**current [1]**  7/7
**currently [1]**  4/10
**custodian [3]**  5/16 5/17 7/17
**cut [1]**  4/14
**cutoff [1]**  15/12
**cv [2]**  1/5 3/2

## D

**Dallas [2]**  2/15 2/19
**data [3]**  6/14 6/16 7/20
**date [4]**  10/14 12/17 12/23 16/18
**dates [4]**  12/16 12/24 15/10 15/12
**Daubert [2]**  11/17 11/21
**Dauberts [1]**  14/8
**day [2]**  7/11 10/1
**days [1]**  7/9
**deadline [4]**  4/10 4/25 7/1 14/8
**deal [1]**  11/21
**December [1]**  7/8
**December 23rd [1]**  7/8
**decisions [1]**  7/21
**defendant's [1]**  4/8
**defendants [14]**  1/11 2/6 3/9 3/11 3/12 4/18 9/12 9/14 10/8 10/11 12/6 14/1 14/1 14/10
**defendants' [1]**  10/14
**defense [1]**  5/1
**deponents [2]**  8/13 9/14
**depose [2]**  10/18 13/22
**deposition [8]**  7/23 8/15 8/16 8/22 10/5 10/6 10/7

**depositions [24]**
**devices [2]**  10/9 10/10
**didn't [4]**  4/21 5/2 5/5 8/20
**direct [2]**  13/3 13/15
**directly [1]**  9/12
**discovery [14]**  3/17 3/18 4/2 4/4 5/3 5/19 7/7 7/10 8/5 10/9 12/1 12/5 14/11 15/12
**dispute [1]**  6/11
**DISTRICT [3]**  1/1 1/1 1/14
**DIVISION [1]**  1/2
**document [3]**  6/23 7/17 10/2
**documents [23]**
**Does [1]**  13/8
**Dominator [3]**  6/12 6/14 6/17
**Dominator-related [1]**  6/17
**done [7]**  7/13 7/18 11/2 12/15 15/12 15/25 16/2
**down [5]**  9/6 11/20 13/18 14/2 15/15
**dozens [1]**  10/12
**dragging [1]**  12/22
**duplicative [1]**  5/7

## E

**each [1]**  9/16
**earlier [1]**  5/1
**Edison's [1]**  13/3
**effort [2]**  5/7 8/3
**either [2]**  12/10 13/24
**Elkins [2]**  2/13 2/17
**else [2]**  12/3 16/8
**email [1]**  5/10
**end [7]**  7/10 7/12 8/5 10/4 14/8 15/6 15/8
**entered [1]**  7/4
**entire [2]**  10/15 10/18
**envision [1]**  4/15
**envisioned [1]**  4/5
**especially [1]**  4/23
**everybody [1]**  15/3
**everything [2]**  14/7 15/14

**evidentiary [3]**  11/20 12/7 13/5
**Exactly [1]**  15/1
**examination [1]**  13/6
**exceeded [1]**  8/25
**exceeding [1]**  8/11
**excessive [1]**  8/4
**exhausted [1]**  14/12
**expert [6]**  7/20 9/22 9/23 9/25 11/20 12/11
**expert's [1]**  10/14
**experts [3]**  4/12 12/11 13/3
**extend [1]**  8/5
**extension [7]**  4/3 4/19 5/19 6/7 7/11 8/1 8/4
**extensive [1]**  8/15

## F

**fact [12]**  4/3 5/3 5/4 5/13 5/19 7/7 7/10 8/5 8/14 8/24 15/6 15/12
**fact-discovery [1]**  15/12
**factual [1]**  6/2
**factually [1]**  9/5
**false [1]**  13/24
**Fannin [1]**  2/3
**far [3]**  8/14 9/24 10/5
**FATALE [3]**  1/22 3/5 12/4
**faulted [1]**  10/3
**Federal [2]**  4/5 8/8
**feel [3]**  4/1 4/2 8/3
**feels [1]**  3/25
**felt [1]**  7/11
**figure [2]**  12/2 14/6
**filed [2]**  8/1 11/18
**files [2]**  6/12 6/12
**filing [1]**  4/21
**final [1]**  4/20
**find [4]**  6/16 11/12 11/13 14/19
**finish [3]**  4/15 5/14 5/19
**first [3]**  4/6 5/10 6/14
**fixed [2]**  11/10 11/12
**Floor [2]**  1/20 1/24

**FOGLER [4]** 2/2 2/2 3/5 3/7
**foregoing [1]** 16/16
**forward [3]** 10/24 10/25 12/9
**four [7]** 12/16 12/22 12/24 13/22 14/2 14/7 14/16
**front [1]** 12/9
**full [1]** 10/19
**fully [2]** 5/20 12/6
**further [1]** 5/9

**G**

**gave [1]** 14/12
**genesis [1]** 5/17
**GIRAUD [1]** 1/9
**give [3]** 11/24 12/24 14/13
**given [4]** 4/12 6/8 8/13 9/15
**glad [1]** 16/2
**going [14]** 3/13 3/14 4/5 5/2 8/6 8/15 11/22 12/14 13/14 14/4 14/6 14/9 15/11 15/20
**good [8]** 3/4 3/10 3/24 7/22 12/24 14/13 14/15 14/24
**goods [2]** 14/25 15/2
**got [2]** 15/6 15/8
**GRAHAM [2]** 2/16 3/12
**Gray [1]** 2/2
**great [1]** 13/1
**guess [2]** 8/1 11/2
**guy [5]** 14/12 14/13 14/19 14/19 14/20
**guy's [1]** 14/14
**guys [1]** 6/13

**H**

**half [2]** 6/21 7/2
**HANEN [1]** 1/14
**happen [2]** 8/9 11/22
**happy [2]** 8/7 13/6
**HARPER [1]** 1/9
**have [37]**
**having [3]** 3/25 5/21 7/19
**he [1]** 13/3

**he's [1]** 14/19
**hear [5]** 8/20 11/5 12/10 12/20 12/21
**hearing [15]** 1/13 3/18 3/19 6/13 7/22 9/13 10/6 11/19 11/20 12/1 12/7 12/10 12/13 13/2 13/5
**HEFLEY [5]** 2/6 3/10 6/5 9/18 14/15
**held [1]** 8/22
**helpful [1]** 15/17
**hence [1]** 4/21
**here [7]** 3/1 3/3 4/7 6/10 7/18 11/21 14/4
**here's [3]** 12/14 14/3 14/3
**Hi [1]** 11/25
**highly [1]** 9/21
**his [1]** 9/23
**hit [1]** 6/25
**Honor [29]**
**HONORABLE [1]** 1/14
**hopefully [1]** 6/3
**hours [2]** 9/24 10/1
**HOUSTON [6]** 1/2 2/4 2/4 2/8 2/11 2/23
**however [1]** 12/12
**hundred [1]** 7/15

**I**

**I'd [2]** 12/17 12/20
**I'll [4]** 11/4 12/15 12/23 15/22
**I'm [17]**
**I've [1]** 10/20
**identified [5]** 8/14 9/13 10/18 10/21 13/19
**ignoring [1]** 14/4
**III [1]** 1/22
**important [1]** 11/8
**INC [2]** 1/7 1/8
**indication [1]** 5/16
**individual [1]** 13/25
**Individually [1]** 1/4
**info [1]** 14/17
**information [4]** 6/15 6/18

9/15 10/8
**informed [1]** 5/20
**instead [2]** 7/25 8/2
**intent [1]** 4/17
**INTEREST [1]** 1/8
**interrogatories [2]** 7/16 10/9
**isn't [1]** 9/16
**issue [5]** 4/18 5/4 5/6 13/17 13/25
**issues [2]** 3/21 13/22

**J**

**JACK [1]** 1/9
**January [3]** 7/11 7/12 8/6
**Jones [1]** 9/7
**JOSEPH [1]** 1/9
**JUDGE [2]** 1/14 13/3
**judgment [1]** 6/3
**July [2]** 5/10 6/19
**July 19th [1]** 6/19
**just [9]** 3/25 8/3 8/13 9/9 9/17 11/6 14/2 15/10 15/11
**justify [3]** 8/3 8/11 8/17

**K**

**Keller [2]** 1/19 1/23
**knew [1]** 14/1
**knock [1]** 11/24
**know [20]**
**knows [3]** 13/22 14/17 14/19

**L**

**Labaton [3]** 1/19 1/23 12/5
**land [1]** 7/24
**large [2]** 10/12 10/15
**last [4]** 4/7 8/1 11/8 13/2
**later [2]** 7/6 15/20
**law [2]** 8/9 12/10
**lay [1]** 7/23
**LEACH [1]** 1/8
**least [2]** 3/20 13/15
**led [1]** 10/10
**less [2]** 7/15 8/18

**L**

**let [5]** 3/14 9/5 12/17 12/23 14/14
**let's [4]** 8/6 11/24 13/10 13/13
**letter [2]** 4/22 8/1
**levels [1]** 14/2
**lieu [1]** 10/6
**like [7]** 3/25 8/3 12/16 12/17 12/18 12/20 16/1
**likely [1]** 8/13
**limit [3]** 8/16 8/22 8/25
**list [3]** 9/10 9/12 11/24
**little [2]** 6/9 15/4
**live [1]** 12/10
**LLP [7]** 1/19 1/23 2/2 2/7 2/10 2/13 2/17
**log [2]** 7/6 7/9
**look [4]** 7/20 13/19 14/7 15/8
**looking [2]** 13/12 14/5
**lot [1]** 16/1
**Louisiana [2]** 2/7 2/10
**LUCISANO [3]** 2/9 3/11 8/7

**M**

**made [5]** 6/18 6/24 13/24 13/25 14/20
**make [1]** 7/21
**makes [3]** 14/6 14/15 16/7
**making [1]** 9/17
**many [2]** 10/12 10/16
**matter [2]** 5/13 16/17
**matters [2]** 3/17 4/2
**may [12]** 3/22 6/17 6/23 7/14 7/21 9/3 9/23 9/23 14/14 14/17 14/18 15/2
**May 24th [1]** 6/17
**maybe [1]** 7/22
**mean [6]** 9/6 9/6 9/7 11/1 13/14 15/5
**meant [1]** 15/21
**mechanical [1]** 2/24

**merit [1]** 5/23
**merit-based [1]** 5/23
**merits [1]** 10/25
**microphone [2]** 11/4 11/9
**mics [1]** 11/11
**might [2]** 13/2 13/17
**million [2]** 6/21 7/2
**misleadingly [1]** 13/24
**misspoken [1]** 6/24
**Monica [2]** 2/21 16/19
**month [5]** 6/7 6/22 6/24 7/6 7/25
**months [8]** 4/15 4/16 4/19 5/14 9/21 12/22 14/7 15/20
**more [12]** 4/13 5/18 6/15 7/12 8/7 8/12 8/18 8/18 9/6 10/10 11/2 15/8
**morning [3]** 3/4 3/10 3/24
**motion [4]** 1/13 3/15 11/17 11/22
**move [1]** 15/11
**Mr. [3]** 3/7 3/20 8/7
**Mr. Fogler [1]** 3/7
**Mr. Lucisano [1]** 8/7
**Mr. Wood [1]** 3/20
**MS [1]** 16/19
**Ms. [3]** 6/5 9/18 14/15
**Ms. Hefley [3]** 6/5 9/18 14/15
**much [3]** 5/12 8/18 15/24
**multi [1]** 10/12
**multi-well [1]** 10/12
**MURRAY [2]** 2/2 3/5
**my [7]** 3/5 4/1 4/6 11/3 12/4 16/3 16/6
**myself [2]** 12/18 12/19

**N**

**name [1]** 12/4
**narrowed [1]** 13/18
**necessary [1]** 12/7
**need [18]**
**needed [1]** 10/8
**nefarious [2]** 15/5 15/7
**never [2]** 4/17 5/15

**nevertheless [1]** 12/9
**new [5]** 1/21 1/21 1/24 1/24 15/17
**next [1]** 11/12
**NO [2]** 1/4 13/9
**none [1]** 11/11
**not [21]**
**note [1]** 14/16
**Nothing [2]** 16/10 16/11
**noticed [1]** 10/5
**now [11]** 3/18 4/23 5/1 7/4 8/2 10/24 14/9 14/9 15/1 15/7 15/20
**number [3]** 9/16 10/21 14/18
**numbers [1]** 9/17

**O**

**O'Neil [1]** 2/2
**objection [1]** 13/9
**obviously [2]** 4/16 6/7
**OCTOBER [2]** 1/15 16/18
**off [1]** 10/13
**offered [1]** 4/20
**offering [1]** 7/12
**office [1]** 16/6
**Official [1]** 2/21
**oh [1]** 8/2
**one [8]** 4/19 6/19 10/1 12/7 12/25 14/17 15/22 16/2
**only [5]** 5/10 7/10 7/25 8/10 8/23
**operational [2]** 10/16 10/17
**oppose [1]** 6/7
**opposed [1]** 5/25
**order [3]** 7/8 10/22 14/5
**originally [2]** 7/8 9/19
**other [9]** 3/12 6/13 6/16 6/18 8/18 8/21 10/8 10/9 15/4
**Others [1]** 1/4
**our [18]**
**out [9]** 11/12 11/13 11/24 12/2 12/16 12/18 12/22 14/6 14/19

**O**

**over [4]**  6/11 6/19 9/25 15/21
**own [1]**  10/14

**P**

**page [1]**  6/23
**pages [4]**  6/17 6/20 6/22 7/2
**party [1]**  3/7
**past [1]**  8/5
**people [6]**  9/8 9/13 10/19 10/21 13/19 13/20
**percent [2]**  4/8 9/20
**period [1]**  10/14
**Permian [1]**  10/16
**person [5]**  9/16 13/20 13/20 13/21 13/21
**perspective [2]**  7/2 11/15
**pick [2]**  12/23 12/25
**picture [1]**  10/19
**pie [1]**  9/16
**pinned [1]**  12/19
**pinning [1]**  12/18
**plaintiffs [10]**  1/5 1/18 3/3 3/6 6/15 7/9 8/9 11/16 11/23 14/10
**plan [1]**  8/14
**please [1]**  6/6
**point [6]**  5/9 7/13 8/17 10/22 14/15 15/13
**portable [1]**  11/11
**portfolio [1]**  10/11
**portfolio-wide [1]**  10/11
**possible [1]**  10/20
**post [1]**  10/14
**post-class [1]**  10/14
**potential [1]**  9/14
**predicting [1]**  10/3
**preliminary [1]**  11/24
**premotion [1]**  4/21
**prepare [1]**  4/17
**prepared [3]**  10/23 11/25 12/9
**present [1]**  12/21

**prevailing [1]**  8/9
**prior [3]**  5/2 5/3 10/2
**prioritize [1]**  14/15
**priority [2]**  9/11 10/22
**privilege [2]**  7/6 7/9
**probably [3]**  12/14 12/16 15/19
**problematic [2]**  10/13 10/17
**proceedings [2]**  2/24 16/17
**produce [3]**  6/12 6/14 7/6
**produced [9]**  2/25 5/1 5/12 6/17 7/1 7/20 9/21 10/2 10/4
**producing [1]**  7/13
**production [13]**  4/8 4/23 4/24 5/11 5/13 5/16 6/10 6/21 6/23 7/14 7/18 9/20 9/23
**productions [2]**  4/6 6/19
**projects [2]**  10/12 10/17
**prove [1]**  6/3
**purposes [1]**  7/17
**put [2]**  7/10 9/19
**puts [1]**  14/7

**Q**

**question [2]**  10/25 11/3
**quite [2]**  3/16 10/6

**R**

**reading [2]**  16/6 16/7
**ready [3]**  3/16 11/19 11/23
**real [1]**  13/25
**realize [1]**  15/25
**reason [2]**  14/14 14/24
**received [4]**  4/7 5/10 10/7 10/8
**recent [1]**  7/16
**record [4]**  6/9 11/5 12/8 16/17
**recorded [1]**  2/24
**redid [1]**  11/7
**refer [1]**  8/22
**regard [1]**  9/5
**related [1]**  6/17

**relatively [1]**  4/2
**remember [2]**  6/10 11/8
**reported [3]**  13/20 13/21 13/21
**REPORTER [3]**  2/20 2/21 16/20
**request [5]**  5/17 5/18 7/16 8/4 8/4
**require [1]**  4/16
**resolve [1]**  3/21
**resolved [2]**  5/6 16/9
**RESOURCES [2]**  1/7 1/8
**respond [3]**  6/5 9/3 9/18
**response [1]**  7/15
**responsive [1]**  9/15
**rested [1]**  10/1
**RETIREMENT [1]**  1/3
**revealed [1]**  10/12
**review [5]**  4/14 4/16 5/6 5/14 10/14
**reviewed [3]**  4/13 5/21 10/13
**reviewing [5]**  4/11 4/12 5/5 5/19 9/22
**revisit [1]**  13/17
**Rhonda [1]**  12/16
**right [11]**  3/1 3/9 4/24 12/19 13/10 13/16 14/8 14/9 15/9 16/8 16/12
**RITCHIE [2]**  2/12 3/12
**ROBERT [2]**  2/12 3/11
**rolling [1]**  6/19
**Ross [2]**  2/14 2/18
**routine [1]**  4/2
**RPR [2]**  2/21 16/19
**rule [3]**  12/8 12/8 12/21
**Rules [2]**  4/5 8/8
**Rusk [1]**  2/22

**S**

**said [6]**  3/16 6/13 9/7 9/11 9/18 10/20
**same [2]**  4/2 10/10
**sat [1]**  9/6
**save [1]**  13/12

**say [4]**  5/2 13/14 13/18 14/11
**saying [6]**  8/2 9/9 14/5 14/22 14/23 14/25
**scale [1]**  10/12
**schedule [7]**  4/3 6/7 7/4 7/5 9/19 10/1 15/18
**scheduled [1]**  3/14
**scheduling [2]**  7/8 14/5
**SCHROER [1]**  1/9
**scienter [1]**  13/25
**scope [2]**  5/6 6/11
**seated [1]**  3/1
**second [1]**  5/18
**securities [3]**  8/19 8/21 8/24
**see [6]**  4/24 8/13 9/8 15/3 15/5 15/7
**seeing [1]**  5/8
**seeking [2]**  4/3 4/4
**segments [2]**  10/16 10/17
**send [1]**  12/16
**sense [1]**  14/6
**September [3]**  4/10 6/25 7/3
**September 5th [1]**  6/25
**served [2]**  7/10 7/16
**set [1]**  3/20
**several [2]**  4/16 13/19
**shade [1]**  15/4
**share [1]**  3/20
**should [6]**  6/14 7/18 8/9 8/9 8/25 12/12
**side [3]**  3/15 15/4 15/7
**sides [2]**  3/16 15/19
**sight [1]**  9/19
**sign [1]**  15/22
**Signature [1]**  16/20
**Similar [1]**  5/5
**Similarly [1]**  1/4
**simply [2]**  5/18 13/23
**since [6]**  4/7 7/3 9/22 9/23 11/11 15/12
**single [1]**  10/2

**sitting [1]**  14/4
**Situated [1]**  1/4
**six [3]**  4/19 6/7 7/25
**six-month [2]**  6/7 7/25
**sky [1]**  9/16
**small [1]**  7/14
**Smith [1]**  9/7
**so-called [1]**  11/10
**some [2]**  7/16 9/19
**someone [2]**  5/9 14/11
**something [1]**  14/23
**soon [1]**  10/6
**sorry [2]**  8/20 16/4
**sort [2]**  11/17 14/1
**sources [1]**  9/15
**SOUTHERN [1]**  1/1
**spacing [1]**  10/13
**speaking [1]**  14/1
**specific [4]**  13/24 14/11 14/13 14/24
**specifically [1]**  8/7
**spend [2]**  11/17 11/18
**spent [2]**  7/19 13/5
**split [1]**  10/23
**spoken [1]**  9/14
**stage [1]**  3/21
**start [3]**  8/10 11/23 15/11
**started [1]**  9/8
**starting [2]**  7/21 11/12
**statement [1]**  14/20
**statements [4]**  10/7 13/4 13/23 13/24
**STATES [2]**  1/1 1/14
**stenography [1]**  2/24
**still [1]**  5/15
**streamlines [1]**  13/6
**Street [4]**  2/3 2/7 2/10 2/22
**structure [2]**  12/12 12/13
**stuff [1]**  14/20
**submit [3]**  9/12 13/3 15/22
**submitted [1]**  15/17
**substantial [8]**  4/9 4/25 5/3 5/12 6/22 6/25 7/1 7/5
**substantially [1]**  7/3

**SUCCESSOR [1]**  1/8
**such [1]**  10/9
**Sucharow [2]**  1/19 1/23
**sufficient [1]**  7/13
**suggest [1]**  13/2
**suggested [1]**  7/22
**suggests [1]**  8/25
**Suite [4]**  2/3 2/14 2/18 2/22
**summary [1]**  6/3
**summer [2]**  6/19 7/19
**sure [1]**  11/6
**surprised [1]**  11/18
**sworn [1]**  10/7
**SYSTEM [1]**  1/3

**T**

**take [11]**  4/15 4/17 5/2 5/4 5/8 5/15 5/20 7/23 8/14 14/14 14/18
**taken [1]**  8/23
**taking [4]**  8/10 10/5 10/7 15/14
**talk [3]**  8/7 11/25 12/12
**talking [2]**  5/23 7/15
**team [3]**  4/10 4/11 9/23
**technical [2]**  7/20 9/21
**Ted [1]**  9/7
**ten [11]**  4/5 4/10 8/3 8/6 8/11 8/16 8/18 8/22 9/6 10/10 10/20
**testimony [1]**  12/11
**TEXAS [7]**  1/1 2/4 2/8 2/11 2/15 2/19 2/23
**than [5]**  7/12 7/15 8/18 10/10 16/6
**Thank [8]**  3/8 3/24 6/6 9/2 14/21 16/11 16/12 16/13
**that [72]**
**that's [4]**  5/17 7/11 8/3 13/1
**their [5]**  5/5 7/20 9/20 11/24 13/3
**them [10]**  4/19 4/21 9/11 9/15 9/15 10/12 10/22 11/24 15/9 16/6
**then [11]**  4/9 4/16 5/12 5/15

**T**

**then... [7]** 5/20 6/14 8/1 8/10 8/10 12/25 13/17
**these [10]** 4/11 4/12 4/13 4/14 5/19 6/2 9/8 9/13 9/21 9/22
**they [25]**
**they're [3]** 8/15 13/14 15/5
**they've [4]** 7/16 8/13 11/10 13/18
**thing [1]** 7/22
**things [2]** 7/24 13/7
**think [12]** 4/25 6/8 6/23 8/15 8/24 9/15 12/25 13/6 13/14 14/2 14/15 15/11
**third [1]** 5/18
**this [30]**
**those [6]** 5/1 5/11 8/23 10/9 10/16 13/20
**thought [1]** 15/21
**three [8]** 4/15 4/20 5/14 12/16 12/22 12/24 15/20 16/2
**threshold [1]** 4/5
**through [4]** 4/14 7/12 10/9 15/2
**throughout [2]** 10/15 10/18
**throw [1]** 15/4
**thus [1]** 9/24
**time [10]** 4/14 5/18 11/8 11/17 11/18 12/21 13/5 13/12 15/8 16/10
**timing [3]** 4/6 4/23 6/9
**TIMOTHY [1]** 1/8
**today [3]** 4/1 9/11 12/18
**together [1]** 15/25
**told [1]** 7/19
**took [1]** 16/2
**top [2]** 4/4 14/20
**total [1]** 4/8
**Trammell [2]** 2/13 2/17
**transcript [2]** 2/24 16/16
**transcription [1]** 2/25
**trial [2]** 11/12 12/19

**tries [1]** 5/4
**troublesome [1]** 4/24
**trying [2]** 12/2 14/6
**turned [1]** 12/18
**two [6]** 4/2 4/15 5/14 9/21 11/11 14/18

**U**

**under [4]** 7/5 8/8 12/8 12/8
**understand [1]** 7/24
**Understood [1]** 15/23
**UNITED [2]** 1/1 1/14
**universe [1]** 5/8
**unnecessary [1]** 6/8
**unseen [1]** 9/19
**untenable [1]** 4/20
**until [2]** 5/6 7/4
**up [4]** 8/6 9/8 9/17 15/12
**us [7]** 3/25 4/15 7/10 10/10 11/24 14/12 16/11

**V**

**vacation [1]** 16/3
**very [5]** 8/3 10/4 13/23 14/23 16/4
**view [1]** 16/5
**Vinson [2]** 2/13 2/17
**voluminous [1]** 12/8
**VS [1]** 1/6

**W**

**Walker [2]** 2/21 16/19
**Walker-Bailey [2]** 2/21 16/19
**want [18]**
**wanted [1]** 12/10
**WARWICK [2]** 1/3 3/2
**wasted [1]** 5/7
**way [4]** 4/2 5/5 13/13 14/7
**we [91]**
**we'll [3]** 11/12 11/13 12/11
**we're [12]** 3/1 3/16 7/18 8/17 9/16 11/6 11/12 11/23 12/9 15/12 15/20 16/4
**we've [6]** 4/7 5/15 9/22

**week [2]** 8/1 11/12
**weeks [1]** 11/11
**welcome [1]** 3/7
**well [14]** 6/12 6/12 6/17 6/18 8/2 10/12 10/13 11/5 11/10 12/2 12/11 12/14 14/3 15/21
**wells [3]** 6/13 6/16 6/18
**were [8]** 4/7 7/12 8/23 8/23 9/13 11/17 13/24 14/5
**weren't [2]** 4/25 9/20
**whatever [1]** 12/20
**Whereupon [1]** 16/14
**whether [3]** 5/25 6/12 13/23
**which [4]** 3/15 4/20 10/19 14/17
**while [1]** 11/22
**who [7]** 3/3 9/8 9/13 13/18 13/20 13/20 13/21
**why [5]** 4/25 5/2 7/11 14/24 15/1
**wide [1]** 10/11
**will [1]** 6/10
**WILLIAM [1]** 1/9
**wishes [1]** 10/23
**within [1]** 8/16
**without [5]** 5/4 5/8 5/9 12/22 14/23
**witness [1]** 5/4
**WOOD [3]** 1/19 3/5 3/20
**work [6]** 4/21 7/24 11/2 11/11 13/8 16/1
**working [1]** 15/25
**works [4]** 11/4 11/6 11/13 12/25
**worth [2]** 9/25 9/25
**would [21]**
**wrap [1]** 8/6
**WRIGHT [1]** 1/10
**written [1]** 13/4

**Y**

**y'all [7]** 3/13 12/17 12/23 12/25 12/25 15/24 16/12

**Y**

**yeah [4]** 12/2 12/4 15/1 15/22
**Yes [6]** 3/23 5/24 6/2 6/6 9/4 15/14
**yesterday [1]** 3/25
**yet [2]** 8/17 15/3
**York [4]** 1/21 1/21 1/24 1/24
**you [53]**
**You'll [1]** 16/2
**you're [3]** 5/23 14/25 15/2
**your [32]**